*619
 
 Minshall, J.
 

 James H. Parker and George B. Kerper, as partners under the firm name of Parker & Kerper, carried on the business of a tannery in the state of Pennsylvania, from some time in 1870 to July 1, 1875, at which time the partnership was dissolved. At the time of the dissolution the firm was indebted to John S. Wood in the sum of several" thousand dollars upon an account. On May 8, 1876, notice of the dissolution was given Wood by Parker, and that he “ was settling up the concern.” On March 20, 1882, the plaintiff, Wood, commenced an action in the Court of Common Pleas of Hamilton county, upon the account, claiming a balance of $8,777.16 to be due him. Service was obtained upon Kerper, but not upon Parker, he being a non-resident of the state. The last item in the account before the dissolution was of the date of March 4, 1876. Other pajments had been made by Parker subsequent to that time and within six years of the commencement of the suit. The defendant answered, pleading, among other things, the statute of limitations ; to which the plaintiff replied, that the defendants had made payments on the account within six years next preceding the filing of the petition, and, also, within the same time, had delivered the plaintiff a written promise to pay the same. The case was tried to a jury, w'hieh at the close of the plaintiff’s evidence, rendered a verdict for the defendant by direction of the court. The testimony disclosed that the only payments that had been made upon the account after the dissolution, had been made by Parker, and that the only written promise to pay the account was a promissory note, dated Jauuary 1, 1878, made by Parker in the firm name and delivered to the plaintiff. It was also shown (but not pleaded) that by the law of Pennsylvania, where the partnership had been formed and its business carried on, “ a partner who, after dissolution, remains in possession of the store or place of business, and attends to the collection of the debts due the firm, may give a note in the name of the firm for a debt due by the partnership, which will bind all the partners, although he may have no express authority to settle the business.”
 

 
 *620
 
 If the pajunents made by Parker on the account after the dissolution of the firm, may be treated as payments made by Kerper; or, if the note executed and delivered by Parker can be regarded as a note executed and delivered by Kerper, or his authority, then the'court of common pleas erred in directing the jury to return a verdict for defendant, and its judgment was properly reversed. And it is plain, as we think, that if the note cannot be so treated, then the payments should not. Payments are, at most, but evidence from which a promise may be inferred. And if an express promise by one member of a dissolved firm, has not the effect of extending the running of the statute of limitations as against the others, plainly a promise that is simply inferred from a payment cannot be given any greater effect.
 
 Shoemaker
 
 v.
 
 Benedict,
 
 11 N. Y. 176, 185.
 

 The question so far as it is controlled by the laws of this state, can hardly be regarded as open to discussion. Our statute of limitations fixes a period in which every action, according to its class, must be commenced. It is a statute of repose and not of presumption; and, unless the suit is commenced in the time limited, cannot be maintained: It is said to be barred. When, however, the demand is founded on contract, and a payment has been made, or a written acknowledgment thereof, or a promise to pay the same “has been made and signed by the party to be charged,” an action may be brought in the time limited by the statute, “ after such payment, acknowledgment, or promise.” § 4992 Revised Statutes. In giving a construction to this provision, it is said by Dav, J., in
 
 Marienthal
 
 v.
 
 Mosler,
 
 16 Ohio St. 566, 569, “ By comparing this section with the one for which it is substituted in the limitation act of 1831, and the judicial construction given to the act of 21 James, it is apparent that the legislature did not intend to enlarge the facilities for taking cases out of the statutory bar.” And, as to payment, it was there held, that it “ must be made by the party to be affected thereby, or by an agent authorized for that express purpose.” And, by a like construction, it was held, in
 
 Hance
 
 v.
 
 Hair,
 
 25 Ohio St. 349, that, “ a partial pay
 
 *621
 
 ment on a joint and several promissory note, by one of tbe several makers, will not prevent the running of the statute of limitations as to the other makers.” These decisions give emphasis.to the reason and language of the statute. A payment, an acknowledgment, or a promise in writing, will not avail to take a case out of the statutory bar, unless made by the party to be charged thereby, or by an agent authorized for that express purpose.
 

 Conceding to the fullest the power of a partner during the continuance of the firm, by virtue of his ’ agency, to bind it by acts of his own done within the scope of the business and intended to bind it, it is well settled in this state, that such power is revoked by dissolution; and he can no longer execute a note that will bind the other members without an express authority to do so.
 
 Palmer
 
 v. Dodge, 4 Ohio St. 21. And it was also held, in the case just cited, that no such power could be inferred from an authority given by one partner to the other, to settle, liquidate, and close up the affairs of the partnership. That his duty in such case is “ to close up and settle the partnership liabilities, and not to prolong them by new credits; to deal with the existing creditors of the firm and not to make others; to discharge its existing indebtedness, and not to add to it.”
 

 And in this inspect the law of Ohio is the same as that of most of the states of the Union.
 
 Van Keuren
 
 v. Parmelee, 2 Com. 523;
 
 Shoemaker
 
 v. Benedict, 11 N. Y. 176;
 
 Bell
 
 v. Morrison, 1 Peters 351. Bates on Partnership, §704, and notes.
 

 “ Each partner,” says BiíONS«N, J., in
 
 Van Keuren
 
 v.
 
 Par
 
 melee, “ when acting within the scope of the partnership, is deemed to be the authorized agent of his fellows. The authority is presumed from the nature and necessity of the case; for without it, third persons would not be safe in dealing with one of the associates, and the business of the partnership could not be carried on with success. Now how long does this presumed agency continue? Clearly, not longer than the necessity for it exists; and for most purposes, the. necessity ceases with the termination of the partnership.
 
 *622
 
 When that is dissolved, there is no longer any ground for presuming an agency, except as to such things as are indispensable in winding up the concerns of the company. If there be no agreement to the contrary, it may be .presumed that each partner still has authority to dispose of the property, to collect, adjust, and pay debts. But there is no ground whatever for presuming a power to make new promises or engagements in the name of the firm, even though they only change without increasing the prior obligations of the partners.”
 

 The question then remains whether by the law of Pennsylvania, where the business of the partnership was conducted and the note executed, the rights of the parties are varied. We think not. Statutes of limitation relate to the remedy, and are, and must be, governed by the law of the forum ; for it is conceded, that a court which has power to say when its doors shall be opened, has also power to say when they shall be closed. There was no evidence to show that by the terms of dissolution Parker, was given any express authority to bind Kerper by executing new obligations in the name of the firm. His authority was simply to settle the business of the firm, and was so disclosed in the notice of dissolution sent to Wood by Parker, so that the only authority he did have to bind Kerper by the note relied on as a promise in writing, taking the action on the account out of the primary limitation of the statute, was, at most, an implied one, attached by the law of Pennsylvania to the power of Parker as liquidating partner; it was not an express authority. This does not answer the purpose of our statute, which, in view of the decisions that had been made following
 
 Whitcomb
 
 v.
 
 Whiting,
 
 2 Doug. 652, and the uncertainty of the law on the subject of such payments, acknowledgments and promises as would prolong the running of the statute of limitations, fixes a definite and certain rule, confining it to such payments, acknowledgments and promises as are made by the party to be charged; and further requiring the acknowledgment or promise to be in writing and signed by the party.
 

 The fact that payments were made, and that the note was
 
 *623
 
 given by Parker, within six years of the commencement of the suit and before the action was barred, can make no difference in the application of the statute, as, whether payments were made or a premise given before or after the demand was barred, in either case, it is a question of the authority of the one making the payment or promise to bind the other, and if the authority is not express, the other is not bound, nor affected thereby.
 
 Shoemaker
 
 v. Benedict,
 
 supra.
 
 Again, whether by the laws of Pennsylvania Kerper would be liable on the note is immaterial, as the suit is not on the note but on the account. His liability on the note, if at all, results from an implied promise attached by the law of Pennsylvania to the act of appointing a liquidating partner on the dissolution of the firm of which he was a member, which, as we have shown, is not sufficient in this state to sustain an action on a demand that is otherwise barred.
 

 There was, then, no evidence tending to show that the bar of the statute in favor of Kerper in an action on the account, as it existed at the time of the dissolution, had been tolled by any act of his; and the court, trying the case, properly directed a verdict for the defendant.
 

 Judgment of the circuit court
 
 reversed,
 
 and that of the common pleas .affirmed.