Matthias, J.
 

 We shall first discuss the contention of counsel for defendant that the facts disclosed by the record required the direction of a verdict for the defendant upon the ground that the uncontroverted evidence shows that the plaintiff was a guest of the defendant, she being a passenger “without payment of any compensation or other consideration,” and that the elements of wanton or wilful misconduct on the part of the defendant are not present in this case.
 

 The accident and consequent injury upon which this action is predicated occurred in the state of Kentucky, and that state has no guest statute such as we have in Ohio. Under the law of that state, it is not essential that wilful or wanton misconduct of a driver of a motor vehicle be shown to warrant recovery for injuries by “a guest while being transported without payment therefor,” proof of injury as the proximate result of the failure of the driver to exercise ordinary care being all that is required in that respect.
 

 We deem it well settled that the substantive law of a state where the injury occurs and the cause of action arises is applicable. The rule that the right of recovery for personal injuries is governed by the
 
 lex loci delicti
 
 is well stated in 32 Ohio Jurisprudence, 216, Section 11, as follows: •
 

 “The broad uncontroverted rule is that the
 
 lex loci
 
 governs as to the substantive rights of the parties, that is, as to all matters going to the basis of the right of action itself, while the
 
 lex fori
 
 controls as to mat
 
 *572
 
 ters connected merely with the remedy, such as the form of remedy and all matters of procedure relating thereto. The court determines what is matter of substance and what is matter of procedure according to its own law.”
 

 The question.here presented was under consideration in the case of
 
 Alexander
 
 v.
 
 Pennsylvania Co.,
 
 48 Ohio St., 623, 30 N. E., 69, wherein it appeared that the injury, which was the basis of the suit,.occurred in Pennsylvania. It was held that if, by the laws of Pennsylvania, no right of action arose, no recovery could be had, although the laws of Ohio would have afforded full relief had the transaction involved occurred in this state.
 

 The more recent case of
 
 Freas
 
 v.
 
 Sullivan,
 
 130 Ohio St., 486, 200 N. E., 639, was also an action brought in Ohio to recover for injuries sustained in the state of Pennsylvania. It was held that, it being shown that under the law of Pennsylvania, in an action brought by a guest against the driver of a motor vehicle for personal injuries wherein it was conceded that the carriage was for the benefit of both the driver and the guest, the driver is required to exercise only ordinary care, such rule becomes absolute in Ohio in the trial of such case in this state. Upon the general principles involved, this court unanimously held, as stated in paragraph four of the syllabus in that case, that “where a trial is had in Ohio in an action for damages for personal injury received in Pennsylvania, the trial court must be governed by the substantive law of Pennsylvania and the adjective law of Ohio.”
 

 It follows, therefore, upon this phase of the case that the trial court was correct in applying the law of the state of Kentucky in the determination of the rights' and liabilities of the parties and would not have been warranted in directing a verdict for the defendant.
 

 The second question for consideration has to do with
 
 *573
 
 the general charge. Although there are divergent views with reference to the doctrine of
 
 res ipsa loquitur,
 
 it is well settled in this state that such doctrine is a rule of evidence and not of substantive law. It warrants an inference of negligence to be drawn by the jury where it is shown that the instrumentality causing the injury is under the exclusive management and control of one of the parties, and an accident occurs under circumstances where, in the ordinary course of events, it would not occur if ordinary care were observed. This inference that the accident was due to the negligence of one having possession and control of the instrumentality which caused the injury is permitted where, in the absence of explanation, such seems to be the only fair and reasonable conclusion. It is in the nature of circumstantial evidence which is to be considered and weighed by the jury, but not necessarily accepted as sufficient. 29 Ohio Jurisprudence, 632, Section 154
 
 et seq.; Loomis
 
 v.
 
 Toledo Rys. & Light Co.,
 
 107 Ohio St., 161, 140 N. E., 639;
 
 St. Marys Gas Co.
 
 v.
 
 Brodbeck, Admr.,
 
 114 Ohio St., 423, 151 N. E., 323;
 
 Glowacki, a Minor,
 
 v.
 
 North Western Ohio Ry. & Power Co.,
 
 116 Ohio St., 451, 157 N. E., 21, 53 A. L. R., 1486; and
 
 Scovanner
 
 v.
 
 Toelke,
 
 119 Ohio St., 256, 163 N. E., 493.
 

 The trial court, in the general charge, in appropriate terms accorded the plaintiff the full benefit of the
 
 res ipsa loquitur
 
 doctrine. The difficulty arises from a subsequent instruction of the court with reference to evidence adduced tending to show that the defendant while driving dropped asleep, and the further evidence which appears in the record relative to his long hours of work and loss of sleep immediately preceding the trip in the course of which the accident occurred. This instruction which the Court of Appeals found to be prejudicially erroneous was the basis of the reversal of the judgment of the Court of Common Pleas and is as follows:
 

 
 *574
 
 “If you find by a preponderance of tbe evidence that tbe defendant lost control of said car by going to sleep, that would be negligence, and if such negligence were tbe proximate cause of tbe collision with tbe post, and plaintiff was injured, she can recover for her injuries if sbe did not by her own negligence contribute in any degree to cause tbe collision.”
 

 Tbis instruction is a misstatement of tbe law applicable to tbis case and its prejudicial effect is in nowise averted or modified by any language found elsewhere in the court’s instructions.
 

 Tbe authorities are quite uniform upon the proposition that tbe fact that a driver went to sleep while driving an automobile creates an inference of negligence sufficient to make out a
 
 prima facie
 
 case, and sufficient for a recovery of damages by one injured as a result thereof, if no circumstances tending to excuse or justify bis conduct are proven. 5 Berry on Automobiles (7 Ed.), 166, Section 5.129, and cases there cited. See also cases cited in 138 A. L. R., 1388.
 

 Tbe record discloses evidence from which tbe jury would have been warranted in finding that tbe accident resulted from tbe negligence of tbe defendant. However, that was a question of fact for tbe determination of the jury. Tbe assumption of that function by tbe court warranted a reversal of tbe judgment by tbe Court of Appeals. Its judgment is accordingly affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Hart, Zimmerman, Bell and Williams, JJ., concur.
 

 Turner, J., concurs in paragraphs one and two of tbe syllabus.