Schiltz et al., Appellants, v. Meyer, Appellee, et al.

(No. 71-207—Decided March 15, 1972.)

170

*Messrs. Buckley & Miller* and *Mr. James P. Miller,* for appellants.

*Messrs. Bieser, Greer & Landis,* for appellee.

STERN, J. We affirm the judgment of the Court of Appeals.

The issue is whether the substantive law of Ohio or Kentucky should be applied in an Ohio law suit between two residents of Kentucky, arising from an automobile accident which occurred in Ohio, wherein the plaintiff was a passenger-guest in an automobile driven by the defendant.

We have considered the rule of *lex loci delicti* in many previous cases. *Freas* v. *Sullivan* (1936), 130 Ohio St 486; *Collins* v. *McClure* (1944), 143 Ohio St. 569; *Ellis* v. *Gar-*

*wood* (1958), 168 Ohio St. 241; *Lyons* v. *Lyons* (1965), 2 Ohio St. 2d 243; *Fox* v. *Morrison Motor Freight* (1971), 25 Ohio St. 2d 193, 195; *Seeley* v. *Expert, Inc.* (1971), 26 Ohio St. 2d 61. If it was our policy to automatically apply this rule, disposition would be simple, for there is no dispute as to where the accident occurred, or as to the resident state of the litigants herein.

It is this ease of application which is most cited as the reason for continued usage of the *lex loci delicti* rule, and, in view of the high degree of congestion in the courts today, it is an end to be sought. Those proponents of the "center of gravity"[2] or "grouping of contacts" theories argue that in many instances this ease of application is accomplished at the expense of justice. We agree that an automatic application of the rule in every choice-of-law case could, in some instances, produce inequitable results. Accordingly, we do not subscribe to automatic application of the rule in all cases, or as to all aspects of a case. We do not, however, feel that the general application of the rule has resulted in a low yield of justice. See concurring opinion of Leach, J., in *Fox* v. *Morrison Motor Freight, supra* (25 Ohio St. 2d 193), at page 201.

In *Fox*, we refused to apply the rule of *lex loci delicti* where such application would have strongly gone against the legislative policy of this state. That case involved an Ohio resident who brought an action in an Ohio court to recover for the wrongful death of her husband in an automobile accident which occurred in Illinois. No resident of Illinois was involved, and the state of Illinois, which limited the amount of recovery in wrongful death actions, had no governmental interest in the issue involved. In selecting Ohio as the forum, the plaintiff, there being no compelling reason to rule otherwise, was entitled to an application of the substantive law of Ohio as to damages.

In this case, the plaintiffs have chosen Ohio rather

---

[2]See Leflar, Choice-Influencing Considerations in Conflicts Law, 41 N. Y. U. L. Rev. 267. Professor Leflar's article provides an exhaustive source of information regarding the trend in the area of conflicts law.

than their state of residency of the forum state. In so doing, they have increased our governmental interest beyond that of merely being the state in which the accident occurred. We now have the additional interest of advancing, in our courts, those policies which our General Assembly has seen fit to maintain in this area of tort law. Until such time as the General Assembly amends or repeals our guest statute, we are bound to apply it in cases before our courts wherein the accident occurred in Ohio.

Accordingly, we reaffirm our holding in paragraph one of the syllabus of *Seeley* v. *Expert, Inc., supra* (26 Ohio St. 2d 61), which reads:

"Where a nonresident of Ohio sues another nonresident in an Ohio court for damages for injuries arising from an automobile accident which occurred in this state, the case is governed by both the substantive and procedural laws of Ohio. (*Ellis* v. *Garwood,* 168 Ohio St. 241, followed.)"

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, LEACH and BROWN, JJ., concur.