Ella Marie **KLINER**, Individually and as Executrix of the Estate of William J. Kliner, Plaintiff,

v.

**WEIRTON STEEL COMPANY**, a Division of National Steel Corporation,

v.

**KOPPERS COMPANY, INC.**, Defendant.

Civ. A. No. C 73-1294 Y.

United States District Court,
N. D. Ohio, E. D.

Aug. 14, 1974.

**276**

John T. DeFazio, Green, Schiavoni, Murphy & Haines, Eugene Green, Youngstown, Ohio, for plaintiff.

David C Comstock, Pfau, Comstock & Springer, Jack C. Harris, Youngstown, Ohio, Dickie, McCamey & Chilcote, Herman C. Kimpel, Pittsburgh, Pa., for defendants.

### ORDER

CONTIE, District Judge.

Plaintiff in the above captioned action has moved this Court to strike defendant Weirton Steel Company's second defense, which asserts Section 5475(6) of the West Virginia Code as a limitation upon the damages recoverable in this action. Upon consideration and for the reasons stated below, the motion is overruled.

Defendant Weirton Steel Company is a division of National Steel Corporation. National Steel, Incorporated in Delaware is licensed to do business in Ohio.

Plaintiff's decedent, William Kliner, was a resident of Ohio. A member of the Plumbers and Pipefitters Union Local No. 490 of Steubenville, Ohio, he was employed by third-party defendant Koppers Company, Inc. to work at a plant site under construction on Brown's Island, West Virginia, for defendant Weirton Steel Company. Decedent had commuted daily to the job site for approximately eighteen (18) months when, on December 15, 1972, an explosion occurred at the West Virginia job site, killing William Kliner and eighteen (18) other workers.

Plaintiff, as administratrix for the estate of William Kliner, has instituted this diversity action for wrongful death and for decedent's surviving negligence claim. Plaintiff, individually, seeks recovery for decedent's funeral expenses.

Defendant Weirton Steel Company's second defense asserts the One Hundred and Ten Thousand Dollar ($110,000) limitation on recoverable damages in wrongful death actions contained in Section 5475(6) of the West Virginia Code. Plaintiff's motion to strike challenges the sufficiency of said limitation.

Therefore, the sole issue presented by this motion is whether West Virginia law or Ohio law controls on the issue of damages for this wrongful death action.

■■ Where jurisdiction is founded solely upon diversity of citizenship, the Court is required to follow the conflict of laws rules prevailing in the state in which it is sitting. Klaxon v. Stentor Electric Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In tort actions, Ohio has traditionally adhered to the *lex loci delicti* rule. See Collins v. McClure, 143 Ohio St. 569, 56 N.E.2d 171 (1944); Freas v. Sullivan, 130 Ohio St. 486, 200 N.E. 639 (1936); Lyons v. Lyons, 2 Ohio St.2d 243, 208 N.E.2d 533 (1965).

However, in the recent cases of Fox v. Morrison Motor Freight, 25 Ohio St.2d 193, 267 N.E.2d 405 (1971) and Schiltz v. Meyer, 29 Ohio St.2d 169, 280 N.E.2d 925 (1972), the Ohio Supreme Court has adopted a more flexible approach in this conflict of laws area. While not totally abandoning the *lex loci delicti* rule, Ohio now tempers it with evaluation of the competing governmental interests. Thus, in Fox v. Morrison Motor Freight, supra, although the accident occurred in Illinois, that state had no governmental interest in limiting damages recoverable by an Ohio resident where neither party to the action was an Illinois resident and the question of damages was the sole is-

sue in the case. Ohio's clear and substantial governmental interest in that case was therefore given effect.

In Schiltz v. Meyer, supra, the parties were residents of Kentucky. The accident occurred in Ohio. Although Kentucky clearly had a substantial governmental interest in the case, this interest was balanced by the strong public policy in Ohio regarding the standard of care due to a guest in a motor vehicle operated in Ohio. Therefore the Ohio Supreme Court found no compelling reason to alter the result dictated by the *lex loci delicti* rule.

In the instant case, the explosion occurred in West Virginia, therefore the *lex loci delicti* rule would result in the application of the law of that state. The determinative question, therefore, is whether comparative evaluation of Ohio's and West Virginia's governmental interests need change this result.

 Ohio has a clearly established policy of fully compensating its citizens in cases such as this. However, as defendant's allegedly negligent conduct occurred in West Virginia, that state has a substantial interest in any determination regarding the standard of care to be applied on the issue of liability. It is precisely this type of governmental interest which was lacking in Fox v. Morrison Motor Freight, supra, and about which the Ohio Supreme Court therein said:

> "We have no doubt that if an issue were involved concerning the driving conduct of the parties within the state where the accident occurred that state would have a substantial interest in the determination of that issue; therefore, in choosing the law to be applied such an interest would have to be considered". Fox v. Morrison Motor Freight, 25 Ohio St.2d 193, 267 N.E.2d 405 (1971).

Upon deliberation the Court concludes that, as in Schiltz v. Meyer, supra, the competing governmental interests balance, and that the *lex loci delicti* rule would be applied by an Ohio court.

The Court therefore concludes that the West Virginia limitation upon the damages recoverable in the wrongful death action is applicable to that cause of action in this case. Plaintiff's motion to strike is overruled.

It is so ordered.