MOATS, ADMX., APPELLANT, *v.* THE METROPOLITAN BANK OF
LIMA, APPELLEE.

(No. 73-924—Decided November 27, 1974.)

48

*Messrs. Spangenberg, Shibley, Traci & Lancione, Mr. Robert A. Marcis, Messrs. Meredith, Meredith, Tait & Basinger* and *Mr. James E. Meredith,* for appellant.

*Messrs. Hauxhurst, Sharp, Mollison & Gallagher, Mr. Michael R. Gallagher* and *Mr. William J. Novak,* for appellee.

HERBERT, J. The issue before us is whether Ohio or Pennsylvania substantive law should be applied under the facts above-stated.

Prior to this court's decisions in *Fox* v. *Morrison Motor Freight* (1971), 25 Ohio St. 2d 193, 267 N. E. 2d 405, and *Schiltz* v. *Meyer* (1972), 29 Ohio St. 2d 169, 280 N. E. 2d 925, it was well established in Ohio that the substantive law of the place where the injury occurred was controlling in cases such as the one at bar. The rule of *lex loci delicti* prevailed. *Freas* v. *Sullivan* (1936), 130 Ohio St. 486, 200 N. E. 639; *Collins* v. *McClure* (1944), 143 Ohio St. 569, 56 N. E. 2d 171; *Ellis* v. *Garwood* (1958), 168 Ohio St. 241, 152 N. E. 2d 100.

However, in *Fox, supra,* a majority of the court announced that considerations of public policy should accompany the judicial decision making process in these types of conflict of laws cases, and that the rule of *lex loci delicti* would no longer serve to automatically determine which body of substantive law should govern.

In *Schiltz* v. *Meyer, supra,* the law enunciated by the majority in *Fox* was reaffirmed. *Schiltz* concerned an automobile collision which occurred in Ohio, and suit by a Kentucky plaintiff against a Kentucky defendant in an Ohio court. Although Ohio law was applied in *Schiltz,* it was noted that Ohio courts should no longer look solely to the doctrine of *lex loci delicti* in ascertaining which state's law should prevail. The fact that Ohio was the place of injury was not the single determining element which influenced the choice of Ohio law in *Schiltz.* In addition to that consideration was the plaintiff's selection of this state as the forum, and the interest possessed by Ohio in the advancement of its existing legislative policy.

In the instant case, Pennsylvania has little interest in having her law applied. Both decedents were residents of Ohio, the aircraft was owned by an Ohio corporation and was hangared here, and the administration of the estates of the deceased Ohio residents is a direct concern of this state. Finally, as in *Fox* and *Schiltz,* this court will continue to respect that which we perceive to be Ohio's legislative public policy, expressed in this case by R. C. 4561.151. The only significant interest of Pennsylvania in this lawsuit is that it is the place where the accident occurred, a factor which is insufficient to outweigh the above considerations.

Appellant submits that federal legislation dealing with the operation of aircraft has preempted this area of the law and rendered R. C. 4561.151 unconstitutional under the Supremacy Clause of the United States Constitution. She also urges that R. C. 4561.151 violates the Equal Protection Clause of the Ohio and United States Constitutions. However, those questions were neither raised nor passed upon

below, and we decline to rule upon them for that reason. *Hoffman* v. *Staley* (1915), 92 Ohio St. 505, 112 N. E. 1084; *Zimmerman* v. *Morris Plan Bank of Cleveland* (1925), 113 Ohio St. 703, 150 N. E. 920; *Village of Clarington* v. *Althar* (1930), 122 Ohio St. 608, 174 N. E. 251.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.