John F. LOUGHAN, Plaintiff-Appellant,

v.

The FIRESTONE TIRE & RUBBER COMPANY, Defendant-Appellee.

No. 79–1097.

United States Court of Appeals, Fifth Circuit.

Aug. 22, 1980.

Marshall I. Nurenberg, Cleveland, Ohio, Ronald Payne, Fort Lauderdale, Fla., for plaintiff-appellant.

Thomas P. Mulligan, Paul M. Pohl, Cleveland, Ohio, G. Jack Hardy, Miami, Fla., for defendant-appellee.

Before GEE and RANDALL, Circuit Judges, and LYNNE,* District Judge.

LYNNE, District Judge:

This appeal was taken by plaintiff-appellant (Loughan) from an order entered by the district court on December 15, 1978, granting the motion for summary judgment filed in behalf of defendant-appellee (Firestone). Concluding that plaintiff's action was barred by Florida Statutes § 95.031(2),[1] (F.S. Sec. 95.031(2)) the court below held that the defendant was entitled to judgment as a matter of law. We reverse.

---

* District Judge of the Northern District of Alabama, sitting by designation.

1. As pertinent, F.S. § 95.031 provides:

Except as provided in Subsection 95.051(2), and elsewhere in these statutes, the time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues. . . .

(2) Actions for products liability and fraud under subsection (3) of 95.11 must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in subsection (3) of § 95.11, *but in any event within twelve (12) years after the date of delivery of the completed product to its original purchaser* or the date of the commission of the alleged fraud, regardless of the date the defect in the product or the fraud was or should have been discovered. . . . (Emphasis added)

A savings clause is embodied in F.S. § 95.022, which reads:

This act shall become effective on January 1, 1975, but any action that will be barred when this act becomes effective and that would not have been barred under prior law may be commenced before January 1, 1976, and if it is not commenced by that date, the action shall be barred.

On July 24, 1974, plaintiff was employed as a tire mechanic by a company in Fort Lauderdale, Florida. His assignment on that date was to make a field repair of a flat truck tire at a customer's premises in that locality. The undertaking required dismounting the rim-wheel assembly,[2] patching the tire, reinflating the tire and remounting the rim-wheel assembly, with inflated tire, to the trailer axle. Plaintiff contends that, in the remounting process, the component parts of such assembly separated, resulting in severe personal injuries.

On July 12, 1976, plaintiff filed his complaint in the United States District Court for the Northern District of Ohio, wherein Firestone maintains its principal place of business. Asserted therein were three claims for damages for personal injuries proximately caused by: (1) negligence in design and manufacture; (2) breach of express and implied warranties in tort, and (3) defective rims which exposed the plaintiff to an unreasonable risk of harm (strict liability in tort).

On June 23, 1978, the district judge in Ohio entered an order transferring the case to the Southern District of Florida pursuant to the provisions of 28 U.S.C. § 1404(a).[3] That the Florida judge was required to decide the limitation issue as the Ohio judge would have decided it is the clear teaching of *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). After adverting to differences in statutes of limitations, the court concluded:

. . . that in cases such as the present, *where the defendants seek transfer*, the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue. A change of venue under Sec. 1404(a) generally should be, with respect to state law, but a change of courtrooms.[4] 376 U.S. at 639, 84 S.Ct. at 821 (emphasis added)

The case of *Wells v. Simonds Abrasive Co.*, 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211 (1953), is of paramount significance in directing the course of our analysis. In affirming the summary judgment for defendant entered by the district court upon a finding that the Pennsylvania conflict of laws rule called for the application of its own limitation rather than that of the place of the accident, the court observed:

The rule that the limitations of the forum apply (which this Court has said meets the requirements of full faith and credit) is the usual conflicts rule of the states. However, there have been divergent views when a foreign statutory right unknown to the common law has a period of limitation included in the section creating the right. The Alabama statute here involved creates such a right and contains a built-in limitation. The view is held in some jurisdictions that such a limitation is ultimately connected with the right that it must be enforced in the forum state along with the substantive right. 345 U.S. at 517, 73 S.Ct. at 858.

2. Consisting of the rim base and the lock and side ring base bearing markings indicating that they were produced in 1954 and 1946, respectively. For present purposes it is assumed that they were shipped and sold to purchasers immediately after manufacture.

3. In assessing the factors favoring transfer, the court pointed out that:

In the instant action, plaintiff is a resident of Fort Lauderdale, Florida. He was injured during the course of his employment as a truck tire serviceman in the Fort Lauderdale area. Plaintiff has received all his medical treatment in Florida. Also, he has apparently received psychiatric treatment and rehabilitation counseling and training in Florida. All of the fact witnesses to the incident in

question as well as witnesses essential to the damages issue appear to be in Florida. Further, the court finds that the [substantive] law of Florida applies in the within action. (citation omitted)

In the margin of the order the court noted:

In his brief, plaintiff raises a concern that upon transfer the applicable Florida statute of limitations would bar his cause of action. However, it appears that the Florida district court must apply the state law that would have been applied absent the transfer. (citation omitted)

4. The implication is that the rule might be otherwise where the transfer is sought by plaintiffs, as to which we express no opinion.

It is obvious that plaintiff's action was timely filed in the Ohio District Court.[5] Ohio's conflict of laws rule, in brief summary, is that ordinarily the right of recovery in an action for damages for personal injuries depends upon the substantive law of the *lex loci delicti*. That this rule is not inflexible is established by the most recent expression of the Supreme Court of Ohio. In *Moats v. Metropolitan Bank of Lima*, 40 Ohio St.2d 47, 319 N.E.2d 603 (1974), the court stated:

Prior to this court's decision in *Fox v. Morrison Motor Freight* (1971), 25 Ohio St.2d 193, 267 N.E.2d 405, and *Schiltz v. Meyer* (1972), 29 Ohio St.2d 169, 280 N.E.2d 925, it was well established in Ohio that the substantive law of the place where the injury occurred was controlling in cases such as the one at bar. The rule of *lex loci delicti* prevailed. *Freas v. Sullivan* (1936), 130 Ohio St. 486, 200 N.E. 639; *Collins v. McClure* (1944), 143 Ohio St. 569, 56 N.E.2d 171; *Ellis v. Garwood* (1958), 168 Ohio St. 241, 152 N.E.2d 100.

However, in *Fox, supra*, a majority of the court announced that considerations of public policy should accompany the judicial decision making process in these types of conflict of laws cases, and that the rule of *lex loci delicti* would no longer serve to automatically determine which body of substantive law should govern. 319 N.E.2d at 604.

However, it is firmly settled that the procedural law of the forum applies [6] and that statutes of limitations are remedial and subject to the law of the state in which the action is brought.[7] Two exceptions to the foregoing rule have appeared in cases from that jurisdiction. One was embodied in its "borrowing" statute.[8] However, that statute was repealed as of November 5, 1965.[9] The other is the familiar principle of law explicated in *Myers v. Alvey-Ferguson Company*, 331 F.2d 223 (6th Cir. 1964), as follows:

If the statute creating a cause of action also fixes a limitation of time in which an action may be brought, the limitation is regarded as a part of the substantive law of the cause of action and is controlling when an action is brought in a sister state.[10] A limitation in a separate statute of the creating state may be a part of the substantive law, if in express terms it is made applicable to the liability created by statute. (Citations omitted). 331 F.2d at 224.[11]

Relying upon *Bauld v. J. A. Jones Construction Co.*, 357 So.2d 401 (Fla.1978),[12] the court below granted defendant's motion for

---

5. An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose. Section 2305.10, *Ohio Revised Code.*

6. *Freas v. Sullivan*, 130 Ohio St. 486, 200 N.E. 639 (1936).

7. *Gregory v. Flowers*, 32 Ohio St.2d 48, 290 N.E.2d 181 (1972); *Howard v. Allen*, 30 Ohio St.2d 130, 283 N.E.2d 167 (1972); *Kerper v. Wood*, 48 Ohio St. 613, 29 N.E. 501 (1891).

8. If the laws of any state or country where a cause of action arose limit the time for the commencement of the action to a lesser number of years than do the statutes of this state in like causes of action, then said cause of action shall be barred in this state at the expiration of said lesser number of years. § 2305.20 *Revised Code.*

9. *See Thigpen v. Greyhound Lines, Inc.*, 11 Ohio App.2d 179, 229 N.E.2d 107 (1967). That, while effective, it was regarded as an exception to the usual conflict rule with respect to stat-

utes of limitations is beyond doubt. *Kleve v. Negangard*, 330 F.2d 74 (6th Cir. 1964).

10. *Wells v. Simonds Abrasive Co.*, 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211 (1953), affirms the right of a state to adopt this choice of law rule.

11. The opinion notes that this principle was quoted with approval in *Castrovinci v. Castrovinci*, 93 Ohio App. 133, 138, 112 N.E.2d 53 (1952).

12. Both in *Bauld* and in the case *sub judice* the plaintiff's injury occurred prior to the enactment of §§ 95.11(3)(c) and 95.031, respectively, which are identical for the purpose of our analysis. *Bauld* sustained her injury on July 8, 1972; plaintiff his on July 24, 1974. At the time of each injury the applicable statute of limitations provided only that suit must be commenced within four years. Sec. 95.11(4), Fla.Stat.(1967). *Bauld's* action was held to have been barred by § 95.11(3)(c) construed *in pari materia* with § 95.022.

summary judgment, implicitly reasoning that, as a matter of Florida substantive law, F.S. § 95.031 operated to extinguish the plaintiff's cause of action or, perhaps more accurately, to grant defendant an unconditional immunity from suit.

*Bauld* was revisited in *Overland Const. Co., Inc. v. Sirmons*, 369 So.2d 572 (Fla. 1979).[13] In affirming the order of the trial court striking down F.S. § 95.11(3)(c) as unconstitutional, the Florida Supreme Court removed the underpinning of the transferee court's summary judgment. In explanation of its decision in *Bauld*, the court stated:

> Consequently, the absolute twelve year prohibitory provision did not operate to abolish Pearl Bauld's cause of action, but *merely abbreviated the period within which suit could be commenced from four to three and one-half years. Although shortened, the time for bringing suit was found to be ample and reasonable; it was not forestalled altogether.* (Emphasis added) 369 So.2d at 573, 574.

 With this gloss on *Bauld* before it, of which the court below did not have the benefit, and dealing with admittedly common law causes of action, the transferror court, applying Ohio's choice of law rule, would have looked to its two-year statute of limitations rather than to the Florida truncated statute.[14] The Florida court was obligated to do likewise.

REVERSED AND REMANDED.

---

**13.** In 1975, after the effective date of § 95.-11(3)(c), Sirmons sustained his injury and brought suit. The trial court, overruling defendant's motion for summary judgment, held the statute unconstitutional as violative of Article 1, Section 21, of the Florida Constitution.

**14.** *Overland's* explanation of *Bauld*, as applied to plaintiff's action, had the effect of abbreviat-

ing the prevailing Florida four-year statute to reduce it to slightly more than one year and one half. Had Loughan elected to file his action in a Florida court it would probably have been held time barred by Florida's procedural law. As heretofore noted, the transferor court would not have been barred thereby, but would have resorted to Ohio's procedural rule.