Ruth E. BOWMAN, Former–Plaintiff,

Peter T. Zackaroff, Plaintiff–Appellant,

v.

KOCH TRANSFER CO., Steve Steidinger, and Moran & Carroll, Defendants–Appellees.

No. 87–3900.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 20, 1988.

Decided Dec. 7, 1988.

See also, 6th Cir., 862 F.2d 1263.

Andrew J. Michaels, Michaels & McGown, Akron, Ohio, Dale A. Bernard (argued), Ulmer & Berne, Cleveland, Ohio, for plaintiff-appellant.

John A. Neville, Reminger & Reminger Co., Roy A. Hulme (argued), Cleveland, Ohio, for defendants-appellees.

Before KEITH, GUY and RYAN, Circuit Judges.

RALPH B. GUY, Jr., Circuit Judge.

Plaintiff claims that the district court erred in applying Illinois law to the issue of damages in this wrongful death action. Plaintiff also claims that the district court improperly excluded evidence and improperly rejected proposed jury instructions regarding the custody of the minor children of the decedent. For the reasons set forth below, we find that the law of Illinois applies to the issue of damages in this action, that the district court properly exercised its discretion in excluding the proffered evidence, and that the district court's instruc-

tion to the jury accurately stated the relevant law.

## I.

This wrongful death action arises out of the death of Maureen Kaviris, an Ohio resident, who was struck and killed by a tractor-trailer truck on June 4, 1984, as she was riding her bicycle near Pittsfield, Illinois, en route cross-country from Akron, Ohio, to Denver, Colorado. The driver of the truck, defendant Steve Steidinger, who is a resident of Illinois, was employed at the time of the accident by defendant Moran & Carroll, a partnership with its principal place of business in Illinois, and by defendant Koch Transfer Company, a Delaware Corporation with its principal place of business in Illinois.

Peter T. Zackaroff, administrator of the estate of Maureen Kaviris, brought this action in the United States District Court, Northern District of Ohio, "pursuant to the Wrongful Death Act of the State of Ohio, Ohio Rev.Code Ann. § 2125.01 *et seq.*, (Page 1986) [sic] for the State of Illinois, Ill.Ann.Stat. Ch. 70, § 1, *et seq.*, (Smith–Hurd 1986).... This action is also being brought pursuant to the Ohio Survival Statute, Ohio Rev.Code Ann. § 2305.21 (Page 1986) [sic] and the Illinois Survival Act, Illinois Ann.Stat. 110½, § 27–6 (Smith–Hurd 1986)." (Amended Complaint at 1–2).[1] Defendants answered the complaint on September 13, 1985, waiving any personal jurisdiction defense. In their subsequent answer to the amended complaint, defendants stated: "The defendants deny

this is a proper action pursuant to the provisions of Ohio Revised Code Sections 2125.01 and 2305.21."

 The case proceeded to trial before a jury on July 21, 1987. During the afternoon of the second day of trial, the court heard arguments on the question of whether the Ohio wrongful death act or the Illinois wrongful death act was controlling on the question of damages.[2] Defendants argued that Illinois law applied, while the plaintiff argued that Ohio law applied. At the close of arguments, the district court held that "Illinois law applies and should be followed."[3] At the close of the proofs on July 23, 1987, plaintiff moved for a directed verdict on the issue of liability. The following day, the court granted plaintiff's motion.[4] Thereafter, the jury awarded plaintiff $170,700 in damages.[5]

Plaintiff now appeals, raising three claims of error: (1) the district court improperly found that the Illinois, rather than the Ohio, wrongful death statute applied to the damages issue; (2) the district court improperly excluded certain evidence regarding the custody of the decedent's children; and (3) the district court improperly denied the plaintiff's requested charge to the jury regarding certain custody matters. We address the issues raised by plaintiff, *seriatim.*

## II.

### A. Conflict of Laws

 Plaintiff claims that the district court erred in finding that the Illinois

---

1. On July 15, 1986, the district court substituted plaintiff Peter T. Zackaroff for Ruth Bowman due to the fact that Zackaroff had replaced Bowman as administrator of the decedent's estate in the Summit County Probate Court. Thereafter, on March 31, 1987, Zackaroff filed the amended complaint quoted above.

2. There is no dispute between the parties regarding the applicability of the Illinois law to the liability issue.

3. Plaintiff claims that he was unduly prejudiced and that the district court committed reversible error by failing to raise the conflict of laws question prior to the afternoon of the second day of trial. We find, however, that the parties to a suit such as this are charged with knowledge of the potential issues regarding choice of

law questions, and the district court did not err in addressing this question when it became an issue at trial.

4. The defendants' appeal of the district court's ruling on the directed verdict motion has been dismissed by this court as untimely. (Order March 8, 1988).

5. The jury awarded $165,000 on the wrongful death claim and $5,700 on the survival action. Approximately two weeks prior to trial, on July 8, 1987, the defendants made an offer of judgment to plaintiff pursuant to Fed.R.Civ.P. 68 in the amount of $250,000. The plaintiff did not accept this offer.

wrongful death act governed in this action rather than the Ohio wrongful death act. Plaintiff notes that under the Ohio act, recovery is allowed for the mental anguish and bereavement of the decedent's beneficiaries; while under the Illinois act, such damages are not recoverable. Also, under the Ohio act, the beneficiaries would include decedent's mother, brother, sister, and grandmother; while under the Illinois act, the beneficiaries are limited by the state's statute of descent and distribution and would include only the decedent's five minor children.

A federal district court sitting in diversity must apply the conflict of laws rule of the forum state. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941); *Jones v. Wittenberg University*, 534 F.2d 1203, 1213 (6th Cir.1976). In this case, therefore, Ohio conflict of law rules must be applied to determine whether Ohio or Illinois law governs in this matter.

As the district court correctly noted, prior to 1971, Ohio law dictated that, in accordance with the rule of *lex loci delicti,* the substantive law of the place of the injury controlled in tort actions. In 1971, the Ohio Supreme Court began to move away from this mechanical approach toward a case-by-case approach which balanced the state interests involved. *See, e.g., Fox v. Morrison Motor Freight, Inc.,* 25 Ohio St.2d 193, 267 N.E.2d 405, *cert. denied,* 403 U.S. 931, 91 S.Ct. 2254, 29 L.Ed.2d 710 (1971); *see also Moats v. Metropolitan Bank of Lima,* 40 Ohio St.2d 47, 319 N.E.2d 603 (1974); *Schiltz v. Meyer,* 29 Ohio St.2d 169, 280 N.E.2d 925 (1972). Then, in 1984, the Ohio Supreme Court decided the case of *Morgan v. Biro Mfg. Co.,* 15 Ohio St.3d 339, 474 N.E.2d 286 (1984), wherein the court reviewed Ohio's approach to conflict of laws questions and adopted the methodology of the Restatement of the Law of Conflicts as a guideline, noting in the process that the Restatement was reflective of the development of Ohio decisions on these matters. **Restatement (Second) of Conflict of Laws** (1971) (hereinafter referred to as **Restatement**).

In concluding that Illinois law governed in the instant matter, the district court relied in great part on the Ohio Supreme Court's decision in *Morgan* for guidance. In particular, the district court looked to the following passage from the *Morgan* decision:

> When confronted with a choice-of-law issue in a tort action under the Restatement of the Law of Conflicts view, analysis must begin with Section 146. Pursuant to this section, a presumption is created that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the lawsuit. To determine the state with the most significant relationship, a court must then proceed to consider the general principles set forth in Section 145. The factors within this section are: (1) the place of the injury; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; (4) the place where the relationship between the parties, if any, is located; and (5) any factors under Section 6 which the court may deem relevant to the litigation. All of these factors are to be evaluated according to their relative importance to the case.

*Id.* at 342, 474 N.E.2d 286 (footnotes omitted). The district court then analyzed the instant matter in the manner set forth in *Morgan,* stating:

> Analysis in this case thus begins with the presumption [under Restatement § 146] that the law of Illinois, the place of the injury, controls. The next step is to determine whether Ohio has a more significant relationship to the lawsuit, using the factors contained in Section 145.

The district court then applied the factors listed in section 145 of the Restatement to the facts of this case, including a "fifth Section of 146 [which] involves consideration of several relevant factors from Section 6 which a court may deem relevant," and concluded that Illinois law governed in this matter.

Plaintiff complains that the district court improperly relied on *Morgan* because *Morgan* is a personal injury case and the instant case involves a wrongful death claim. Section 146 of the Restatement deals with choice of law questions arising in personal injury cases. Section 175 of the Restatement deals with choice of law questions which arise in an action for death. Section 146, which the *Morgan* court applied, reads as follows:

> In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

**Restatement** § 146. Section 175, which the plaintiff claims the district court should have applied in this action, reads as follows:

> In an action for wrongful death, the local law of the state where the injury occurred determines the rights and liabilities of the parties unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

**Restatement** § 175. While the plaintiff may indeed be correct in arguing that the district court began its analysis by applying the wrong section of the Restatement, his argument ignores the fact that the language in sections 146 and 175 is virtually identical, as is the rationale for each of the sections. *See* **Restatement** § 175 comments a and d, § 146 comment c. Therefore, there is no harm resulting from the manner in which the district court commenced its analysis. Both sections 175 and 146 of the Restatement provide the initial presumption that the law of the state of the injury controls. Both sections also provide that the law of the state of the injury will not control where it is determined that, in accordance with the principles set forth in section 6 of the Restatement, another state has the more significant relationship to the occurrence and parties with respect to a particular issue.

Section 6 of the Restatement reads as follows:

> (1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
>
> (2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include
>
>> (a) the needs of the interstate and international systems,
>>
>> (b) the relevant policies of the forum,
>>
>> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
>>
>> (d) the protection of justified expectations,
>>
>> (e) the basic policies underlying the particular field of law,
>>
>> (f) certainty, predictability and uniformity of result, and
>>
>> (g) ease in the determination and application of the law to be applied.

Plaintiff first cites section 6(1) of the Restatement and argues that because the Ohio Constitution, article I, section 19a forbids the limitation of damages in wrongful death cases, Illinois law, with its more limited allowance for damages, may not be applied in this case. This argument, however, has previously been addressed and rejected by this court. *See Goranson v. Capital Airlines, Inc.*, 345 F.2d 750, 753 (6th Cir.1965), *cert. denied*, 382 U.S. 984, 86 S.Ct. 560, 15 L.Ed.2d 473 (1966).

Plaintiff then argues that a proper application of the factors set forth in section 6 to the facts of this case leads to the conclusion that Ohio law and not the law of Illinois applies in this matter. Plaintiff concedes that section 6(2)(a), (d), (f), and (g) has little bearing in this conflict. The question which then remains is whether application of the remaining factors in section 6 leads to the conclusion that Ohio has a more significant relationship to the occurrence and parties than Illinois.

Plaintiff has cited a number of cases which have applied the Ohio wrongful death statute to the issue of damages and which, in so doing, have made reference to Ohio's policy of fully compensating its citizens in wrongful death cases. *See, e.g., Paul v. West American Insurance Co.,* 19 Ohio App.3d 82, 482 N.E.2d 1309 (1984). None of the cases cited by plaintiff, however, involve a situation such as the one we have here. In this instance, although the question of domicile is disputed, the children of decedent have not lived in Ohio since their mother's death, nor did they live in Ohio during the one and one-half years preceding her death.[6] The accident in question occurred in Illinois and all of the defendants reside in the state of Illinois. Therefore, while Ohio may indeed have a policy of "fully" compensating its citizens in wrongful death cases, the district court properly concluded that, in this instance, the weight attributable to Ohio's interest does not outweigh Illinois' interest in this action. Illinois also allows for compensation in wrongful death actions, and the recent trend has been to "extend the scope ... of losses." *Bullard v. Barnes,* 102 Ill.2d 505, 82 Ill.Dec. 448, 468 N.E.2d 1228 (1984). However, Illinois has an interest in the liabilities of its citizens who are sued for torts which occur within the state and, in the absence of more weighty considerations supporting the application of Ohio law, the state where the injury occurred is the state whose local law applies. **Restatement** §§ 146, 175.

We noted above that the district court did not begin its analysis of the conflict of laws question by looking to Restatement § 175, which refers to section 6. Rather, the district court followed the *Morgan* decision which commenced its analysis under Restatement § 146, which also refers to section 6. The *Morgan* court, however,

moved in its analysis from section 146 to section 145 (touching upon the section 6 factors in the process), as did the district court in its analysis of this case. The plaintiff challenges this progression, arguing that there is no authority in the Restatement supporting the progression of an analysis which commences under either section 146 or section 175 and then leads to an analysis of the factors in section 145. We agree with plaintiff's assessment of the relevant Restatement provisions,[7] but conclude that, although the district court's examination of the factors listed in section 145 was not mandated, such examination provides further insight into the court's reasoning as to the questions raised under either section 175 or section 146 regarding the significance of the relationship between the forum state, the parties, and the occurrence. *See also* **Restatement** § 6 comment c ("Undoubtedly, the court will on occasion give consideration to other factors in deciding a question of choice of law").

Unlike sections 146 and 175 of the Restatement which apply to specific torts, section 145 applies to torts in general and provides no initial presumption that the law to be applied is the law of the state where the injury occurred. Section 145 reads as follows:

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place where the injury occurred,

---

**6.** The decedent and her husband had divorced, and the husband was awarded custody of the minor children.

**7.** Section 145 of the Restatement is entitled "The General Principle." Comment a following the rule indicates that the rule "states a principle applicable to all torts and to all issues in tort and, as a result, is cast in terms of great general-

ity.... Title B (§§ 146 through 155) deals with particular torts as to which it is possible to state rules of greater precision." **Restatement** § 145 comment a. The introductory note to section 146, on the other hand, states: "This title deals with particular torts for which it is possible to state rules of greater precision than the general rule set forth in § 145." **Restatement** § 146.

(b) the place where the conduct causing the injury occurred,

(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

**Restatement § 145.**

In applying the factors set forth in section 145(2), the district court found that the first three factors all weighed in favor of the application of the law of Illinois, and that the final factor had little bearing on the issue. We agree. The injury occurred in Illinois and the conduct causing the injury, i.e., the accident, also occurred in Illinois. The plaintiff does not dispute these findings. Plaintiff does, however, argue that after weighing factor (c) of section 145(2) the district court erred in failing to conclude that the interests of Ohio outweighed those of Illinois, and that Ohio law should be applied to the damages issue. Plaintiff bases this argument primarily upon the assertion that the children of the decedent, the decedent's mother and siblings, and the decedent herself were all *domiciled* in Ohio at the time of her death.

Section 145(2)(c) refers to the "the domicil, residence, ... place of incorporation and place of business of the parties." Assuming without deciding that the children of the decedent were domiciled in Ohio at the time of her death, it is important to note that they had not lived in the state for one and one-half years prior to her death or at any time thereafter. Section 145(2)(c) does not confine itself to consideration of the domicile of the parties, but extends itself also to a consideration of their residence. Further, plaintiff seems to ignore the fact that section 145(2)(c) refers to the

"parties," not just to the plaintiff and/or beneficiaries, and *all* of the defendants either resided in, or were domiciled in, or were incorporated in, and/or had their principal place of business in Illinois. We are not persuaded by plaintiff's arguments that consideration of the factors set forth in section 145(2)(c) weighs more heavily in favor of application of the law of Ohio, and we uphold the district court's ultimate conclusion that the law of Illinois applies in this matter.[8]

**B. Introduction of Evidence**

■ Plaintiff argues that the district court erred in not allowing plaintiff to admit into evidence records from the divorce proceedings between the decedent and her husband. At trial, plaintiff sought to introduce records which allegedly showed (1) that, although the decedent's husband had been awarded custody of the children, the decedent had visitation rights in Ohio which accumulated to roughly four months per year; (2) the decedent had filed a motion to enjoin her former husband from taking the children out of Ohio; and (3) that the court had issued an order requiring decedent's former husband to obtain court approval before removing the children. The court also sustained the defendant's objections to statements by witnesses regarding the events surrounding the former husband's journey to Greece with the children.

The determination of whether evidence should be admitted based on considerations of relevance and materiality is vested in the broad discretion of the trial court. Our standard of review is whether there has been an abuse of discretion. *Consolidated Grain & Barge Co. v. Marcona Conveyor Corp.*, 716 F.2d 1077, 1083 (5th Cir.1983). In denyingthe plaintiff's motion for a new trial, the district court addressed the issue

---

8. In *Vaughn v. J.C. Penney Co., Inc.*, 822 F.2d 605 (6th Cir.1987), we had occasion to consider the Ohio wrongful death act in the context of a conflict of laws controversy. *Vaughn* is not helpful to the resolution of the instant case, however, because it dealt with the question of which state's statute of limitations applied where the plaintiffs were Ohio residents and the

accident and death occurred in Tennessee. We concluded in *Vaughn* that the answer was to be found in a specific provision of the Ohio wrongful death act, section 2125.01 of the Ohio Revised Code, which specifically referenced statutes of limitation in instances where death occurred outside the state of Ohio.

now raised by plaintiff and stated: "This court would not permit the divorce action to be retried in this wrongful death action.... The court's evidential [sic] rulings were based on the relevance of the proposed evidence to this proceeding."

We agree with the district court's evaluation of the relevance of this information to the instant action and conclude that the district court properly exercised its discretion in this matter.

## C. Instructions to the Jury

■ Plaintiff claims that the district court erred in failing to instruct the jury that:

1) under Ohio law, the Court has the power to modify a prior custody decree in order to serve the best interests of the child. Ohio Rev.Code § 3109.04; and 2) the Court may allow any child who is twelve years or older to choose, in a proceeding for modification of a prior custody order of the court, the parent with whom the child is to live. Ohio Rev.Code § 3109.04.

(Plaintiff's Brief at 49). According to the plaintiff, this instruction is relevant and necessary because it is "reasonable and probable that upon each child's reaching the age of twelve, and learning of their right to elect, *they* would have selected the mother as custodial parent...." (Plaintiff's Brief at 49–50) (emphasis in original).

A party is not entitled to a new trial based upon alleged deficiencies in the jury instructions unless the instructions, taken as a whole, are misleading or give an inadequate understanding of the law. *Coughlin v. Capitol Cement Co.*, 571 F.2d 290 (5th Cir.1978). The instructions given in this case accurately and thoroughly reflect the relevant law and we find no error in the district court's failure to give the jury charge proposed by the plaintiff. Plaintiff's proposed charge would have required the jury to engage in speculation on a subject on which they had no evidence.

AFFIRMED.