HAMPSHIRE v FORD MOTOR COMPANY

Docket No. 82061. Submitted January 9, 1986, at Detroit. Decided June 9, 1986. Leave to appeal denied, 428 Mich 852.

Plaintiff, John Hampshire, Jr., was injured when the car he was driving was hit by a stolen Lincoln Continental manufactured by defendant Ford Motor Company. The accident occurred in California. Plaintiff brought an action against Ford in the Wayne Circuit Court, alleging negligence in the design of the ignition locking system in the Lincoln resulting in Ford products being subject to theft more than other manufacturers' vehicles. The court, Sharon Tevis Finch, J., granted summary judgment for defendant, holding that under California law defendant owed no duty to plaintiff. Plaintiff appealed.

The Court of Appeals *held:*

The trial court correctly granted summary judgment.

1. The court was correct in applying California law.

2. Under California law, in the absence of a special relationship or special circumstances, a manufacturer has no duty to control the conduct of a third person so as to prevent him from causing harm to another. No special circumstances existed.

3. The decision of the trial court is not subject to automatic reversal for failure of defendant to file an affidavit. The facts as alleged by plaintiff did not support his claim.

Affirmed.

1. CONFLICT OF LAWS — LEX FORI — LEX LOCI DELICTI.

In cases where either the plaintiff or the defendant is not a Michigan resident or is not doing business in Michigan and the

REFERENCES

Am Jur 2d, Conflict of Laws §§ 5, 98-101, 118.

Am Jur 2d, Negligence § 34.

Am Jur 2d, Products Liability §§ 286, 888.

Am Jur 2d, Summary Judgment § 26.

Products liability: extension of strict liability in tort to permit recovery by a third person who was neither a purchaser nor user of product. 33 ALR3d 415.

Modern status of rule that substantive rights of parties to a tort action are governed by the law of the place of the wrong. 29 ALR3d 603.

injury occurred in a foreign jurisdiction the interests of the jurisdictions in having their law govern should be compared to determined what law governs.

2. PRODUCTS LIABILITY — CALIFORNIA LAW — DUTY.
   Under California law a manufacturer's duty to use reasonable care to design a product such that it is reasonably safe for its intended and foreseeable uses does not extend to the protection of the whole world; the scope of the duty depends on whether the injuries to the particular plaintiff are foreseeable.

3. PRODUCTS LIABILITY — CALIFORNIA LAW — DUTY — THIRD PARTIES.
   Under California law, in the absence of a special relationship or special circumstances, a manufacturer has no duty to control the conduct of a third person so as to prevent him from causing harm to another.

4. JUDGMENTS — SUMMARY JUDGMENT — ISSUE OF MATERIAL FACT.
   A court considering a motion for summary judgment based on the lack of a genuine issue as to any material fact must, before granting the motion, review the pleadings, affidavits, and other available evidence and, giving the benefit of any reasonable doubt to the opposing party and drawing any inferences in favor of the opposing party, must be satisfied that it is impossible for the claim to be supported at trial because of some deficiency which cannot be overcome (GCR 1963, 117.2[3]).

5. NEGLIGENCE — DUTY — QUESTIONS OF LAW.
   The question of the existence of a duty is to be decided by the court.

*Richard M. Goodman, P.C.* (by *Richard M. Goodman*), and *Gromek, Bendure & Thomas* (by *Mark R. Bendure*), for plaintiff.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *John E.S. Scott, Stephen C. Nadeau* and *Richard A. Wilhelm*), for defendant.

Before: T. M. BURNS, P.J., and BEASLEY and R. M. PAJTAS,* JJ.

PER CURIAM. Plaintiff filed a products liability

---

* Circuit judge, sitting on the Court of Appeals by assignment.

action against defendant and now appeals as of right from a grant of summary judgment in defendant's favor. The circuit court ruled that, under California law, defendant did not owe a duty to plaintiff under the facts of this case. We affirm the trial court's grant of summary judgment.

The facts, as alleged by plaintiff, which gave rise to this appeal are relatively simple. On December 17, 1976, plaintiff was driving his 1966 Cadillac on Franklin Avenue in the County of Los Angeles, California. Plaintiff sustained serious injuries when his vehicle was struck head-on by a 1973 Lincoln Continental, manufactured by defendant Ford Motor Company, which had crossed over the center line. Plaintiff's allegations of negligence do not relate to any vehicle parts mechanically involved in the operation of the vehicle on the highways. Rather, plaintiff merely alleges that Ford was negligent in the design of the ignition locking system on the 1973 Lincoln such that it failed to operate as an effective anti-theft device which made Ford vehicles more subject to theft than other types of cars. At the time of the accident in this case, the Lincoln was a stolen car. The car had been stolen several hours prior to the accident. However, the person who stole the car was not the driver at the time of the accident. Rather, the thief had given the car to another person shortly before the accident. Both plaintiff and the driver of the vehicle were residents of the state of California when the accident occurred.

Plaintiff asserted that stolen cars are more likely to be involved in injury-causing collisions with other members of the public. Plaintiff alleged that defects in the ignition locking system encourage car thefts that result in injuries to motorists who are struck by stolen cars.

The trial court determined that, under Califor-

nia law, the defendant did not owe a duty to the plaintiff under the facts of this case as alleged by plaintiff. For purposes of defendant's motion for summary judgment, the court assumed that the ignition locking mechanism on the Lincoln did not meet with contemporary technical standards. The court also rejected defendant's argument that there was a lack of proximate cause. We find that the trial court correctly granted summary judgment.

I

As a preliminary question, we must determine whether California or Michigan substantive law controls this action. We find that California law is applicable.

In *Sexton v Ryder Truck Rental, Inc,* 413 Mich 406; 320 NW2d 843 (1982), a divided Supreme Court reexamined the question of whether the traditional lex loci delicti rule should be followed. While no single opinion earned majority support, the Supreme Court did indicate that in certain circumstances the doctrine of lex fori should be followed. In *Sexton,* both the plaintiffs and the defendants were Michigan residents, or corporations doing business in Michigan, and the accident took place in another state.

Subsequent to *Sexton,* this Court has held that, where either plaintiff or defendant is not a Michigan resident nor doing business in Michigan, a comparison of the interests of each jurisdiction in having its law govern the case is warranted. *Vogh v American International Rent-A-Car, Inc,* 134 Mich App 362, 368; 350 NW2d 882 (1984); *Olmstead v Anderson,* 145 Mich App 160, 166-167; 377 NW2d 853 (1985). In this case, a superior foreign state interest exists which calls for the application

of foreign law in order to reach a just resolution of the controversy. Michigan has no significant interest in this litigation. The plaintiff was a resident living in California at the time of the accident and has never resided in Michigan. The accident occurred in California and the Ford vehicle involved was registered and licensed in California. The connections to Michigan are limited to the fact that Ford's headquarters are located in Michigan and the action was filed in this state. We note that plaintiff is apparently now a resident of Massachusetts. We also note that, at the time of the hearing on defendant's motion, plaintiff did not object to the court's application of California law to this case.

II

In regard to the substantive issues of this appeal, plaintiff argues that the trial court erred in determining that California law did not impose a duty on defendant under the facts of this case. We disagree.

A manufacturer's duty to use reasonable care to design a product such that it is reasonably safe for its intended and foreseeable uses does not extend to the protection of the whole world. The scope of the duty often depends primarily on whether the injuries to a particular plaintiff are foreseeable. See *Elmore v American Motors Corp*, 70 Cal 2d 578; 75 Cal Rptr 652; 451 P2d 84 (1969).

In granting summary judgment to defendant, the trial court relied on California authority which precludes recovery against the owner of a vehicle when he leaves his keys in his car, the car is stolen and an innocent third party is injured when he is involved in an accident with the stolen vehicle. *Richards v Stanley*, 43 Cal 2d 60; 271 P2d

23 (1954). The trial court reasoned that, since California law did not recognize a duty under those facts, California would not impose a similar duty on an automobile manufacturer. We agree.

In *Richards, supra,* the court initially determined that the defendant therein was negligent in leaving the keys in an unattended car, but concluded that the real issue in the case was whether there existed a duty of care owed by the wrongdoer to the person injured, or to a class of which he was a member. The plaintiff in *Richards* contended that, since both theft and negligent driving on the part of the thief were foreseeable consequences of the defendant's negligence, the defendant created an unreasonable risk of harm to the general public by her negligence and was therefore liable to him. The court reasoned that the determination of whether a duty exists was not answered simply by pointing out that there is a foreseeable risk of negligent driving on the part of the thieves. To recognize a duty under such circumstances, the court concluded, would involve imposing a duty to prevent action by a third person. The court noted that ordinarily, in the absence of a special relationship between the parties, there is no duty to control the conduct of a third person *so as to* prevent him from causing harm to another. Finally, the court concluded that, by leaving the keys in her car, the defendant, at most, merely increased the risk that the car might be stolen and, even if defendants should have foreseen the theft, the duty of reasonable care did not extend to protect plaintiff from the negligent driving of a thief.

The basic rule announced in *Richards, supra,* was reaffirmed by the California Court of Appeals in *Kiick v Levias,* 113 Cal App 3d 399; 169 Cal Rptr 859 (1980).

Contrary to the assertion made by plaintiff, the trial court in the present case did not equate Ford's duty as a manufacturer with that of the owner of the vehicle and thereby require plaintiff to establish privity with the manufacturer in order to recover. The lower court merely reasoned that, since California did not impose a duty on the owner of a vehicle to prevent theft for the benefit of third parties, it would therefore not impose a similar duty on the automobile manufacturer under similar circumstances. We are persuaded by this reasoning. Defendant owed no duty to plaintiff in this case.

We note that no "special circumstances" exist in this case to alter that conclusion. In *Palma v U S Industrial Fasteners, Inc,* 36 Cal 2d 171; 203 Cal Rptr 626; 681 P2d 893 (1984), the California Supreme Court created an exception to the general *Richards* rule that the owner of the car is not liable for injuries to third persons injured by the negligent operation of the car by a thief. The court held that, when "special circumstances" exist such that the owner of the vehicle is placed on notice that his negligent conduct would likely result in an incompetent person's stealing the car, then the owner owes a duty of care to the person ultimately injured. The special circumstances present in *Palma* which prevented summary judgment were that defendant therein left an expensive, difficult-to-operate, truck parked overnight, unlocked, in a high-crime area. The facts of this case are not even vaguely similar to the circumstances which existed in *Palma.* No special circumstances have been alleged in this case which are sufficient to withstand summary judgment.

Summary judgment pursuant to GCR 1963, 117.2(3) is proper only if there is no genuine issue as to any material fact and the party in whose

favor judgment is granted is entitled to judgment as a matter of law. A motion based on GCR 1963, 117.2(3) is designed to test the factual support for a claim. *Maccabees Mutual Life Ins Co v Dep't of Treasury,* 122 Mich App 660, 663; 332 NW2d 561 (1983), lv den 417 Mich 1100.15 (1983). The court must consider the pleadings, affidavits, and other available evidence and be satisfied that the claim or position asserted cannot be supported by evidence at trial because of some deficiency which cannot be overcome. *Id.* The court must give the benefit of any reasonable doubt to the party opposing the motion and inferences are to be drawn in favor of that party. *Id.*

In this case, accepting plaintiff's alleged facts as true and viewing them in the light most favorable to plaintiff, defendant is entitled to judgment as a matter of law. Plaintiff has failed to show that defendant owed a duty to plaintiff. It is well-settled law that the question of duty is to be resolved by the court rather than the jury. *Antcliff v State Employees Credit Union,* 414 Mich 624, 637-638; 327 NW2d 814 (1982). The trial court properly ruled that Ford did not owe a duty to plaintiff in this case. Plaintiff presented no genuine issue of material fact in regard to the issue of duty and summary judgment was appropriately granted on that ground.

Finally, we reject plaintiff's argument that the trial court's grant of summary judgment is subject to automatic reversal because defendant failed to file any affidavits in support of its summary judgment motion pursuant to GCR 1963, 117.2(3). We decline to reverse the grant of summary judgment on this basis. Requiring the submission of affidavits in this case would serve no legitimate purpose. Instead of submitting an affidavit, defendant relied solely on deposition transcripts. Moreover, because

all of the facts alleged by plaintiff could be accepted as true, there was no need for defendant to submit affidavits or other evidence. The facts as alleged by plaintiff did not support his claim because of the duty issue. Furthermore, affidavits are now only one of several alternative documents which may be used to support or oppose grounds asserted in a motion for summary judgment. See MRE 2.116(G)(2).

The trial court's grant of summary judgment is affirmed.