822 F.2d 605
 Ray VAUGHN, Administrator of Estate of Edna Yvon Vaughn, &
Ray Vaughn, Administrator of Estate of Jackie Lee
Vaughn, Plaintiffs-Appellants,
v.
J.C. PENNEY COMPANY, INC. c/o C.T. Corporation Systems;
Anderson County, Tennessee; Pennzoil Company, and
Underwriters Laboratories, Inc.,
Defendants-Appellees.
 No. 86-3544.
 United States Court of Appeals,
Sixth Circuit.
 Argued April 14, 1987.
Decided June 24, 1987.
 
 Edward L. Harp, Georgetown, Ohio, Jeffry D. Ferguson (argued) for plaintiffs-appellants.
 W. Andrew Patton, K. Roger Schoeni, Cincinnati, Ohio, for J.C. Penney.
 David A. Stuart, Clinton, Tenn., for Anderson Cnty.
 Bruce I. Petrie, Jr., Cincinnati, Ohio, for Pennzoil.
 Gerald G. Salmen (argued), Cincinnati, Ohio, for Underwriters.
 Jon G. Roach, Peck, Shaffer, & Williams, Knoxville, Tenn., for Anderson County.
 Before MERRITT and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 CONTIE, Senior Circuit Judge.
 
 
 1
 Ray Vaughn appeals from the district court's order dismissing his claims or granting summary judgment as to each defendant. The district court held that Vaughn's wrongful death claims, brought on behalf of his wife and daughter pursuant to Ohio Rev.Code Ann. Sec. 2125.01, were barred by the one-year statute of limitations applicable to wrongful death claims filed in Tennessee, Tenn.Code Ann. Sec. 28-3-104. For the reasons which follow, we affirm the judgment of the district court.
 
 I.
 
 2
 The complaints involved in this appeal arose out of the deaths of Edna Yvon Vaughn and Jackie Lee Vaughn on December 28, 1983. Ray Vaughn, on behalf of the estates of Edna, his wife, and Jackie, his daughter, filed several suits. The instant appeal stems from two separate lawsuits. One of the lawsuits was filed on December 20, 1985, in the United States District Court for the Southern District of Ohio against J.C. Penney Company, Inc. and Anderson County, Tennessee. The other lawsuit was filed on December 23, 1985, in the Common Pleas Court in Brown County, Ohio, against Pennzoil Company and Underwriters Laboratories, Inc. On January 21, 1986, defendants in the state action petitioned the court to have their case removed to federal court, and on March 7, 1986, the two cases were consolidated.[1]
 
 
 3
 The complaints alleged that on December 28, 1983, Ray, Edna and Jackie Vaughn, residents and citizens of Ohio, were driving through Anderson County, Tennessee on Interstate 75 when a severe ice storm developed, forcing them to pull off the road and take shelter in their pick-up truck which had a camper top. To stay warm, a kerosene heater was used, and it is alleged that Edna and Jackie died as a result of inhaling noxious fumes emitted from the heater. The complaint asserted that the kerosene space heater was purchased from J.C. Penney Company in Ohio, and that J.C. Penney Company had failed to adequately warn of the dangers involved with such space heaters. Further, appellant alleged that Pennzoil Company had negligently sold defective kerosene which was unsafe either because of inadequate labeling or poor quality, and that Underwriters Laboratories was negligent in recommending an inadequate warning to be placed on the kerosene heaters. The kerosene was purported to have been purchased in Ohio. Finally, the complaint asserted that Anderson County was likewise responsible for the deaths of Edna and Jackie Vaughn because it was negligent in failing to clear the roadway, failing to warn the defendants of the closing of the roadway, and failing to render aid to the Vaughns. Anderson County's conduct, of course, occurred in Tennessee.
 
 
 4
 Between January 31, 1986, and April 1, 1986, each defendant filed either a motion to dismiss or a motion for summary judgment, asserting as a common ground for dismissal that the wrongful death actions were barred by the applicable statute of limitations. Defendants asserted that the Ohio wrongful death statute upon which the complaints were based, Ohio Rev.Code Ann. Sec. 2125.01, expressly adopts the statute of limitations of the state in which the action accrued. Defendants maintained that since the deaths occurred in Tennessee, the actions accrued in that state; and since Tennessee provides for a one-year statute of limitations for wrongful death actions and this claim was not filed within that time period, the claims were time-barred. The district court adopted defendants' reasoning and held that appellant failed to state a claim upon which relief could be granted under Fed.R.Civ.P. 12(b)(6). Accordingly, the court granted defendants' various motions for dismissal or summary judgment. This timely appeal followed.
 
 II.
 
 5
 In diversity cases, federal courts must apply the law of the forum state, including the forum state's conflict of law principles. Tele-Save Merchandising Co. v. Consumers Distributing Co., 814 F.2d 1120, 1122 (6th Cir.1987). In the absence of a controlling decision on the issue at hand, federal courts must attempt to predict how the state courts will act in the future, Filley v. Kickoff Publishing Co., 454 F.2d 1288, 1291 (6th Cir.1972), and a district court's interpretation of state law is given considerable weight by courts of appeals. Wright v. Holbrook, 794 F.2d 1152, 1155 (6th Cir.1986); Martin v. Joseph Harris Co., 767 F.2d 296, 299 (6th Cir.1985). We find that the district court's interpretation of section 2125.01 is not only a permissible interpretation, but the correct one.
 
 
 6
 In Ohio, the right to bring an action for wrongful death is a statutorily-created right, not a common law right. Rubeck v. Huffman, 54 Ohio St.2d 20, 22, 374 N.E.2d 411 (1978) (per curiam); Taylor v. Black & Decker Mfg. Co., 21 Ohio App.3d 186, 188, 486 N.E.2d 1173 (1984). Section 2125.01 of the Ohio Revised Code, which is the present version of the statute creating this right, provides in pertinent part:
 
 
 7
 When the death of a person is caused by wrongful act, neglect, or default which would have entitled the party injured to maintain an action and recover damages if death had not ensued, the person who would have been liable if death had not ensued, or the administrator or executor of the estate of such person, as such administrator or executor, shall be liable to an action for damages, notwithstanding the death of the person injured and although the death was caused under circumstances which make it aggravated murder, murder, or manslaughter....
 
 
 8
 When death is caused by a wrongful act, neglect, or default in another state or foreign country, for which a right to maintain an action and recover damages is given by a statute of such other state or foreign country, such right of action may be enforced in this state. Every such action shall be commenced within the time prescribed for the commencement of such actions by the statute of such other state or foreign country....
 
 
 9
 (Emphasis added). The second paragraph of section 2125.01 contains a "borrowing" provision--or its own conflict of laws provision--directing Ohio's courts to apply the statute of limitations of another state under certain circumstances. See Restatement (Second) of Conflict of Laws Sec. 142(1) comment f (1971) (relating to borrowing statutes). Since the borrowing provision is only triggered by wrongful death actions which are brought pursuant to the second paragraph of section 2125.01, we must determine whether the right to file the instant wrongful death claim is created by the first or second paragraph of section 2125.01.
 
 
 10
 Appellant maintains that the borrowing provision is only triggered when the wrongful acts themselves as well as the death resulting therefrom occur outside the state of Ohio; he asserts that the provision is not triggered if the death occurred in a foreign state as a result of wrongful conduct which occurred in Ohio. Therefore, under his theory, his right to bring a wrongful death claim is created by the first paragraph of section 2125.01. In support of his contention, appellant argues that the first sentence of the second paragraph of section 2125.01--"[w]hen death is caused by a wrongful act, neglect, or default in another state or foreign country"--clearly focuses on the place where the wrongful acts occurred, not the place where the death resulting from those acts occurred. He asserts that the acts of negligence in the instant case, in particular the sale and purchase of the kerosene heater and the kerosene, occurred within the state of Ohio. Accordingly, the statutory provision adopting the foreign state's statute of limitations would not be triggered.[2] In the absence of a statutory mandate to apply another state's statute of limitations, appellant asserts that the trial court should have applied Ohio's statute of limitations because Ohio has a stronger interest in the litigation than does Tennessee. We reject this analysis.
 
 
 11
 Although Ohio courts have not directly addressed which statute of limitations applies when a death occurs in another state as a result of a negligent act precipitated in Ohio, we are not without guidance in determining under which paragraph of section 2125.01 such an action lies. Early cases analyzing the predecessor statutes to section 2125.01 establish that the statute as originally enacted did not provide a cause of action for wrongful acts which resulted in death outside the state of Ohio. See Baltimore & O.R.R. v. Chambers, 73 Ohio St. 16, 24-26, 76 N.E. 91 (1905), aff'd, 207 U.S. 142, 28 S.Ct. 34, 52 L.Ed. 143 (1907). The statute as originally enacted is presently codified as the first paragraph of section 2125.01. To provide for a right to pursue a wrongful death claim for injuries sustained in a foreign state, the Ohio legislature enacted a second statutory provision, which is presently codified as the second paragraph of section 2125.01. The Ohio Supreme Court has stated that without this subsequent enactment, a wrongful death action could not have been maintained in Ohio if the decedent, as a result of a wrongful act, sustained injuries in another state which resulted in death. See Baltimore & O.R.R., 73 Ohio St. at 26, 76 N.E. 91 (stating that without this statutory modification, "no action could be maintained in Ohio to recover damages for wrongful death occurring in another state"); Wabash R.R. v. Fox, 64 Ohio St. 133, 141, 59 N.E. 888 (1901) (the statute did not "extend to wrongful acts causing death outside of this state"). In fact, as a prerequisite to being able to maintain a cause of action in Ohio for a wrongful death occurring in a foreign state, this amendment to the wrongful death statute requires that the foreign state must permit wrongful death claims to be filed in its own courts. Baltimore & O.R.R., 73 Ohio St. at 26, 76 N.E. 91; Fox v. Morrison Motor Freight, Inc., 25 Ohio St.2d 193, 196, 267 N.E.2d 405; cert. denied, 403 U.S. 931, 91 S.Ct. 2254, 29 L.Ed.2d 710 (1971). The Ohio Supreme Court has accordingly observed that the Ohio statute provides for the enforcement, rather than the creation, of "a right to sue for an alleged wrongful death occurring in another state." Morrison Motor Freight, 25 Ohio St.2d at 200, 267 N.E.2d 405 (emphasis added).
 
 
 12
 We believe that these cases establish that the focus of the wrongful death statutes was on the state in which the injuries were sustained or the death occurred, not the state in which the wrongful act occurred. In reaching this conclusion, we note that the first paragraph of section 2125.01 only refers to "death ... caused by wrongful act, neglect, or default" without referring to the place of the wrongful act or the place of the injury. We believe this is indicative of a legislative intent to create a wrongful death action for those actions which accrued in Ohio--i.e., for those actions where injuries resulting in death were sustained in Ohio as a result of a wrongful act--without regard to where that wrongful act occurred. This interpretation is consistent with the lex loci delicti concept, which was firmly entrenched in Ohio law at the time this statute was enacted and interpreted, and which focuses on the state in which the injury occurred. We believe it is clear that the Ohio statute as originally enacted would provide a wrongful death action for an Ohio citizen who was injured in Ohio even if the product was negligently manufactured in another state, just as he would have a common law tort action for his injuries in Ohio if death had not ensued. We conclude, therefore, that the right to bring a wrongful death action in Ohio courts for a death resulting from injuries sustained in a foreign state is derived from the second paragraph of section 2125.01 even if the wrongful acts allegedly occurred in Ohio.[3]
 
 
 13
 While we recognize that the cases interpreting the predecessor statutes, as well as the present statute, arguably refer to a "wrongful act" occurring outside the state,[4] it must be kept in mind that "wrongful act" is often thought to be synomous to the term "injury." It has been recognized in Ohio law, for instance, that a cause of action generally accrues when the wrongful act is committed. See O'Stricker v. Jim Walter Corp., 4 Ohio St.3d 84, 87, 447 N.E.2d 727 (1983) ("In general, a cause of action exists from the time the wrongful act was committed."); Richard v. Staehle, 70 Ohio App.2d 93, 97, 434 N.E.2d 1379 (1980) ("A cause of action for negligence accrues when the negligent act is committed."). However, when an injury does not result immediately, the cause of action does not accrue until actual injury or damage ensues. See O'Stricker, 4 Ohio St.3d at 87, 447 N.E.2d 727; Velotta v. Leo Petronzio Landscaping, Inc., 69 Ohio St.2d 376, 379, 433 N.E.2d 147 (1982). Therefore, in determining when an action accrues, the Ohio courts focus on when the wrongful act is committed, unless the wrongful act does not give rise to injury immediately. Likewise, in determining where a cause of action accrues, Ohio law focuses on the state in which the wrongful act occurs, unless the injury results in a different state. In other words, it is established that the proper focus is on the state in which the cause of action accrues, and a cause of action is generally thought to accrue when a wrongful act is committed. However, in a case such as the instant one where the wrongful act is not presently harmful, the cause of action did not accrue until injury was sustained; since injuries were sustained in Tennessee, the cause of action accrued in that state.[5]
 
 
 14
 To illustrate our point, we note that the Ohio Supreme Court in Fox v. Morrison Motor Freight refers to the doctrine of lex loci delicti as both "the law of the place of the wrong" and "the law of the place of the injury." 25 Ohio St.2d at 196, 198, 199, 267 N.E.2d 405. In a strict sense, of course, lex loci delicti refers only to the place of the injury since that is where an action accrues. However, since a wrongful act is often thought to be the same as the injury, courts have occasionally used the terms interchangeably. Therefore, when analyzing such cases and their use of the term wrongful act, we are mindful of this phenomenon--the ease of equating injury with wrongful act--as well as the fact that the courts were not faced with the same fact pattern which confronts us today. The wrongful death cases involving death outside of Ohio all involved situations where the wrongful act and injury occurred at the same time. The references to wrongful acts occurring outside the state of Ohio, therefore, do not in any way foreclose us from reaching the interpretation of the statute that we reach here.
 
 
 15
 We conclude that appellant's right to bring these wrongful death actions in Ohio stems from the second paragraph of section 2125.01 because the deaths occurred in a foreign state. Further, since the state of Tennessee provides a cause of action for wrongful death, see Tenn.Code Ann. Secs. 20-5-106, -109, that right can be enforced in Ohio pursuant to this second paragraph.
 
 
 16
 Given that the injury occurred in Tennessee but the action was brought in the state of Ohio, the trial court must determine which state's law to apply, including which statute of limitations controls. Under Ohio law, however, the trial court does not have to weigh the competing state interests or consider which conflict of law principles apply in determining which statute of limitations controls. Rather, we conclude that section 2125.01 adopts the statute of limitations of the state in which the wrongful death occurs.[6] Since Tennessee provides for a one-year statute of limitations in wrongful death actions, see Collier v. Memphis Light, Gas & Water Div., 657 S.W.2d 771, 774 (Tenn.App.1983); Jones v. Black, 539 S.W.2d 123 (Tenn.1976); Tenn.Code Ann. Sec. 28-3-104, and since this action was filed nearly two years after the deaths occurred, the district court appropriately concluded that the actions were time-barred.
 
 
 17
 Appellant's reliance on Ohio cases which have rejected a strict adherence to the lex loci delicti principle is misplaced. See, e.g., Moats v. Metropolitan Bank, 40 Ohio St.2d 47, 319 N.E.2d 603 (1974); Schiltz v. Meyer, 29 Ohio St.2d 169, 280 N.E.2d 925 (1972); Morrison Motor Freight, 25 Ohio St.2d 193, 267 N.E.2d 405. Were there no statutory guidance for choosing which statute of limitations to apply, we agree that those cases should be considered. However, we are confronted with an express borrowing statute in which the state itself has established a choice of law rule that is binding on the courts. Accordingly, we are not free to adopt our own choice of law principle and reject the choice made by the Ohio legislature.
 
 
 18
 Inasmuch as the complaint on its face is barred by the applicable statute of limitations, we AFFIRM the judgment of the district court.
 
 
 19
 MERRITT, Circuit Judge, concurring in part and dissenting in part.
 
 
 20
 Although I agree with the majority that the Tennessee statute of limitations should be applied to preclude litigation against Anderson County, Tennessee, I disagree with their determination that the plaintiff should be barred from proceeding against the other defendants.
 
 
 21
 In this case, the plaintiff alleges that he purchased a space heater and kerosene in Ohio which he later used in his pick-up truck to keep his wife and child warm after he was forced off the road in Anderson County, Tennessee by an ice storm. This resulted in the death of the wife and child due to the inhalation of noxious fumes from the heater. He claims that he purchased the space heater at J.C. Penney in Ohio and that the store failed to properly warn him of the danger. He also claims that Pennzoil Company marketed the kerosene negligently because of either its poor quality or improper warnings, and that Underwriters Laboratory was negligent in recommending the improper warning. He further claims that Anderson County, Tennessee was negligent in failing to clear the roadway, failing to warn the Vaughns that the road had been closed and failing to render aid to the Vaughns.
 
 
 22
 In Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the Supreme Court held that a federal court sitting in diversity must apply the law which would be applied by the courts of the state in which the federal court sits. This requires the federal court to apply the conflicts of laws rules of the state in which the court sits, in this case Ohio. See Klaxon Co. v. Stentor Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).
 
 
 23
 In Fox v. Morrison Motor Freight, Inc., 25 Ohio St.2d 193, 267 N.E.2d 405, cert. denied, 403 U.S. 931, 91 S.Ct. 2254, 29 L.Ed.2d 710 (1971), the Ohio Supreme Court rejected a strict lex loci delicti approach and adopted a governmental interest analysis for determining what state's law is applicable in a wrongful death case. Under this approach, the court must search for the state which has the most "substantial governmental interest" by weighing any conflicting interests of the competing states. Some form of balancing of interests analysis is increasingly becoming the favored approach to conflicts of laws problems.
 
 
 24
 This reasoning results in the application of Tennessee law to the claims against Anderson County, Tennessee and Ohio law to the other plaintiffs. Tennessee has a strong interest in its counties not being sued in the Ohio federal courts. Moreover, Anderson County, Tennessee had no contact with the State of Ohio. Rather, the plaintiff voluntarily entered the state and drove on its roads, thus resulting in the injury complained of in this lawsuit. The only negligence claimed against Anderson County is that it failed to properly maintain the roads in its jurisdiction. Under these circumstances, Tennessee's interests clearly outweigh Ohio's and therefore Tennessee's one-year statute of limitations should be applied to preclude the claims against it.
 
 
 25
 With respect to the claims against the other defendants, Tennessee has no interest in litigating their claims. The defendants are not residents of Tennessee, nor do they have a substantial presence there. The only link between the plaintiff and his deceased wife and Tennessee is that they happened to drive through the state on their way from Ohio to a Florida vacation. Ohio has substantially more interest in the litigation against the defendants: not only is the plaintiff in this case an Ohio resident, but he is bringing suit on behalf of his deceased wife and daughter, both of whom were Ohio residents. Moreover, the product whose alleged default and negligent warning resulted in the wrongful deaths was purchased in Ohio. Ohio has a substantial interest in protecting its residents from death caused by allegedly unsafe products with negligent warnings which are purchased within its borders. Therefore, comparing Ohio's interest to Tennessee's, Ohio has a stronger governmental interest in the case against the product manufacturer, label designer and seller than does Tennessee. Accordingly, Ohio's conflicts rules would result in application of Ohio's wrongful death statute to these defendants.
 
 
 26
 Under Ohio law, the relevant inquiry is whether defendants' conduct falls within the ambit of the wrongful death statute. The Ohio wrongful death statute provides in pertinent part:
 
 
 27
 When the death of a person is caused by wrongful act, neglect, or default which would have entitled the party injured to maintain an action and recover damages if death had not ensued, ... the person who would have been liable if death had not ensued ... shall be liable to an action for damages....
 
 
 28
 When death is caused by a wrongful act, neglect, or default in another state, territory, or foreign country, for which a right to maintain an action and recover damages is given by a statute of such other state, territory, or foreign country, such right of action may be enforced in this state. Every such action shall be commenced within the time prescribed for the commencement of such actions by the statute of such other state, territory, or foreign country....
 
 
 29
 Ohio Rev.Code Ann. Sec. 2125.01 (Baldwin 1982) (emphasis supplied).
 
 
 30
 The first paragraph of the statute grants the basic right to sue for a wrongful death under Ohio law. The second paragraph details the circumstance under which Ohio will enforce the wrongful death statutes of sister states. The two basic requirements for enforcement are: (1) the action must be maintainable in the sister state, (including satisfying a requirement of timeliness); and (2) the sister state would enforce Ohio's wrongful death statute in the same circumstance.
 
 
 31
 The second paragraph of Sec. 2125.01 was interpreted by the Ohio Supreme Court in Wabash R.R. v. Fox, 64 Ohio St. 133, 59 N.E. 888 (1901). In that case, the administrator of the estate of a railroad employee filed suit to recover for a wrongful death occurring in Indiana from alleged negligence occurring in Indiana. The question raised was whether the Ohio court would enforce the predecessor version of the second paragraph of Sec. 2125.01.
 
 
 32
 The Ohio Supreme Court held that the statute imposed a reciprocity requirement and, therefore, a condition to the right to maintain the action in Ohio is that the sister state would allow the enforcement of Ohio's wrongful death statute in similar circumstances. See Wabash, 64 Ohio St. at 142, 59 N.E. at 889. Although the Indiana wrongful death statute permitted a cause of action for wrongful death, that cause of action, like Ohio's, was limited to cases where the action would be maintainable had the decedent lived. Indiana had another statute which provided that when an Indiana citizen who worked for a railroad company operating a line in Indiana and a sister state, brought suit in Indiana for injuries inflicted in the sister state, the corporation was prohibited from pleading or proving the decisions or statutes of the sister state as a defense. Ohio had no such limitation upon the right of defense. The Ohio Supreme Court held that read together, the Indiana statutes violated the reciprocity requirement. The Court reasoned further that even if it ignored the second statute the claim would not be maintainable in Indiana because of the fellow-servant doctrine. Thus, the claim would either be barred because a lack of reciprocity or because it was not maintainable in Indiana. The Ohio courts therefore did not have jurisdiction to hear the case.
 
 
 33
 The basic question raised by this case is when the enforcement section of the Ohio wrongful death statute is applicable. I would interpret the statute to provide that the enforcement section is applicable when Ohio is enforcing the law of a sister state--i.e., when Ohio's conflict of laws rules would result in application of another state's law. This interpretation is consistent with both the language and the purpose of the wrongful death statute.
 
 
 34
 The second paragraph of the statute expressly states that it is applicable to cases where the "right to maintain an action and recover damages is given by a statute of ... [an]other state or foreign country." (emphasis supplied). As previously discussed, in our case, Ohio's conflicts of laws rules would result in application of Ohio law to J.C. Penney, Pennzoil and Underwriters. As to these defendants, the right to maintain the suit is thus granted by Ohio law, not Tennessee law. The first paragraph of the statute with its two-year statute of limitations should therefore be applied to these defendants. This reading is consistent with the purpose of the statute which was to limit the enforcement of a foreign state's wrongful death statute in Ohio. See Wabash, 64 Ohio St. 133, 59 N.E. 888 (1901). It would not be consistent with that purpose nor would it be logical to limit the enforcement of Ohio's own wrongful death statute in its courts by Tennessee's statute of limitations.
 
 
 35
 For these reasons, although I agree with the majority that the Ohio Supreme Court has yet to decide the precise question presented by this appeal, I believe the proper interpretation of Ohio's wrongful death statute, and the one which the Ohio courts would adopt if presented with the question, is to apply the enforcement section and its borrowing provision only to cases where the law of a sister state is applicable. In this case, therefore, because Ohio law grants this plaintiff the right to maintain an action for wrongful death against J.C. Penney, Pennzoil Company and Underwriters Laboratory, I would apply Ohio's two-year statute of limitations to those defendants. I agree with the Court, however, that the suit against Anderson County is governed by Tennessee law and is therefore time-barred by the Tennessee one-year statute of limitations. Accordingly, I dissent in part and concur in part.
 
 
 
 [1]
 A third case naming Matsushita Housing Products as the defendant was also at one time consolidated with these two cases, but that case is not before this court on appeal. Two other lawsuits relating to the same underlying facts were filed against a different defendant, AMCA International, on December 26 and 27, 1984, nearly one year before the instant lawsuits were filed. Those cases were eventually consolidated in federal court, were resolved before trial, and are also not before this court on appeal
 
 
 [2]
 We note that this analysis ignores the fact that Anderson County's alleged misconduct occurred solely in the state of Tennessee and that appellant fails to put forth any argument that would render the Ohio statute of limitations applicable to Anderson County. Further, it assumes that all wrongful acts are associated with the sale of defective kerosene and heater, when in fact the claim may hinge on the refining of the kerosene or the testing of the kerosene heater. While we will assume for the sake of argument that all these acts occurred in Ohio, that is a disputed matter and we can certainly conceive of a multi-party situation where negligent acts were committed in many different states
 
 
 [3]
 We again note that a different reading of this statute could result in confusion, as the district court recognized. In a multi-party product liability case such as this, alleged wrongful acts could occur in many states--the state in which the product was tested, the state in which the product was manufactured, etc. Additionally, when there are allegedly more than one cause for an individual's death--such as a defective product and another party's failure to clear the roadways--two different statute of limitations would almost inevitably apply. Therefore, an evidentiary hearing would be necessary to determine which statute of limitations will apply in each case or as to each defendant; and, as the district court noted, this task alone could be difficult because it may not be readily apparent as to which law to apply in reaching the statute of limitations determination
 
 
 [4]
 See, e.g., Baltimore & O.R.R., 73 Ohio St. at 24, 76 N.E. 91 (the statute as originally enacted gave "no right of recovery in those cases where the wrongful act which caused the death, occurred outside of the state of Ohio"); Morrison Motor Freight, 25 Ohio St.2d at 196, 267 N.E.2d 405 (section 2125.01 "provides a right of action for death caused by a wrongful act in another state")
 
 
 [5]
 Appellant admitted as much before the district court, and wisely so. If appellant had argued that the wrongful death action had accrued at the time the allegedly wrongful acts were committed, this action would clearly have been barred even under Ohio law since the heater and kerosene were purchased before the Vaughns drove to Tennessee
 
 
 [6]
 This is supported by the dicta in one Ohio case, Morrison Motor Freight, 25 Ohio St.2d at 200, 267 N.E.2d 405, where the Ohio Supreme Court noted that the Ohio legislature "did, in effect, incorporate the statute of limitations of the situs state ..." when it enacted the second paragraph in section 2125.01