Shirley **ERICKSON**, Personal Representative of the Estate of John B. Erickson, Deceased, Plaintiff,

v.

**AMERICAN MOTORS CORPORATION and Jeep Corporation, Defendants.**

Civ. A. No. 87–CV–70519–DT.

United States District Court, E.D. Michigan, S.D.

July 13, 1987.

On Reconsideration April 7, 1988.

Ronald W. Szczesny and Jeffrey K. Van Hattum, Detroit, Mich., for plaintiff.

Thomas D. Beeby and Elizabeth A. Ring, Detroit, Mich., for defendants.

## OPINION

DUGGAN, District Judge.

This is an action to recover for the wrongful death of plaintiff's decedent, John Erickson. Plaintiff asserts that defendants American Motors Corporation and its subsidiary Jeep Corporation negligently designed and manufactured the subject vehicle and breached the warranty obligations relating to such vehicle. John Erickson was asphyxiated on February 12, 1984, in Tampa, Florida, while sleeping in a parked 1973 AMC Jeep Wagoneer with the motor running. At the time of his death, plaintiff was a resident of Cape Coral, Florida.

Plaintiff originally brought suit on February 12, 1986 in Hillsborough County Circuit Court, Florida, but voluntarily dismissed that action on October 21, 1986. Plaintiff filed the present action on February 12, 1987 in this Court, based on diversity of citizenship between the parties.

This matter is now before the Court on defendants' Motion to Dismiss plaintiff's Complaint. The defendants argue that the suit is barred by the Florida statute of limitations for wrongful death, which is two years. F.S.A. § 95.11(4)(d). Plaintiff argues that the Michigan three-year statute of limitations for wrongful death applies rather than the Florida statute, and the suit is not barred. This Court finds that the Florida two-year statute of limitations is applicable.

■ Statutes of limitation are procedural, rather than substantive law, and are governed by the law of the forum state. *Schumaker v. Tidswell*, 138 Mich.App. 708, 360 N.W.2d 915 (1984). Defendants' argument for the application of the Florida statute of limitations is based on Michigan's "borrowing statute", M.C.L.A. 600.5861, the pertinent part of which states:

"An action accruing without this state shall not be commenced after the expiration of the statute of limitations of either this state or the place without this state where the cause of action accrued, except that where the cause of of action accrued in favor of a resident of this state the statute of limitations of this state shall apply."

■ Accordingly, a suit commenced in Michigan by a non-resident, but based on a

cause of action accruing in another state, is barred if either the applicable Michigan limitations period or the limitations period of the other state has expired. *Smith v. Elliard,* 110 Mich.App. 25, 33, 312 N.W.2d 161 (1981). Defendants assert that the instant claim accrued in Florida, the state where the accident occurred. Because the Florida statute bars the claim, the defendants maintain that the plaintiff may not pursue the claim in Michigan, even though the Michigan statute of limitations would allow the suit.

Plaintiff, on the other hand, argues that:

(1) The cause of action did not accrue in Florida because at the time the accident occurred, the Florida Statute of Repose (§ 95.11(4)(d) had expired and therefore no action could ever have been brought in Florida;

(2) The Michigan "borrowing statute" (M.C.L.A. 600.5861) which refers to the "state without this state where the cause of action accrued" means the state whose substantive law will apply. Plaintiff asserts, in this case, that Michigan's substantive law applies and therefore Michigan's three-year statute of limitation controls.

The Court rejects plaintiff's arguments for the following reasons:

█ (1) Plaintiff has erroneously indicated that Florida's Statute of Repose is ten years. The applicable statute [former F.S.A. 95.031(2)] provides that the action must be filed "within twelve years after the date of delivery of the completed product to its original purchaser ..." The vehicle involved is a 1973 AMC Jeep Wagoneer. Defendants assert this vehicle was manufactured in 1973. Therefore, twelve years could not have elapsed from the date of the delivery of the completed product to the date of the death of plaintiff's decedent on February 12, 1984. A cause of action did exist on February 12, 1984 and could have been brought in either the Florida court or the Michigan court. Therefore, plaintiff's argument that no cause of action ever accrued is without merit.

(2) Since this Court has determined that a cause of action accrued and existed on February 12, 1984, the Court must then determine whether or not plaintiff's claim is barred by the statute of limitations. Plaintiff's reliance on *Sexton v. Ryder Truck Rental,* 413 Mich. 406, 320 N.W.2d 843 (1982) and *Olmstead v. Anderson,* 428 Mich. 1, 400 N.W.2d 292 (1987) is misplaced. Neither *Sexton* nor *Olmstead* dealt with a legislative pronouncement as to a limitation of actions. A review of the cases relied upon by the Supreme Court in its recent decision in *Olmstead* reveals that none of the cases discussed therein involved the statute of limitations. Whether or not Michigan's substantive law relating to issues other than the statute of limitations should be applied in this case is not before this Court. What is before this Court is whether or not this Court should apply Michigan's "borrowing statute", M.C.L.A. 600.5861.

█ This Court does not believe that the Michigan Supreme Court intended the *Sexton* and *Olmstead* choice of law rules to apply to a borrowing statute expressly mandating a choice of law principle. Our Sixth Circuit recently addressed a similar issue in *Vaughn v. J.C. Penney Co.,* 822 F.2d 605 (1987). In *Vaughn* the plaintiff asserted arguments similar to those being asserted by plaintiff in this case. The Sixth Circuit, however, rejected plaintiff's arguments.

"Appellant's reliance on Ohio cases which have rejected a strict adherence to the *lex loci delicti* principle is misplaced. *See, e.g., Moats v. Metropolitan Bank,* 40 Ohio St.2d 47 [319 N.E.2d 603] (1974); *Schiltz v. Meyer,* 29 Ohio St.2d 169 [280 N.E.2d 925] (1972); [*Fox v.*] *Morrison Motor Freight,* 25 Ohio St.2d 193 [267 N.E.2d 405]. Were there no statutory guidance for choosing which statute of limitations to apply, we agree that those cases should be considered. However, we are confronted with an express borrowing statute in which the state itself has established a choice of law rule that is binding on the courts. Accordingly, we are not free to adopt our own choice of law principle and reject the choice made by the Ohio legislature."

This Court does not feel that it is free to adopt its own choice of law principle and reject the choice made by the Michigan legislature.

This Court having determined that the cause of action accrued in Florida, the two-year statute of limitations applies. The cause of action arose on February 12, 1984; the present lawsuit was not filed until 3 years later. The expiration of the applicable two-year limitation period therefore bars plaintiff's claim. Defendants' Motion to Dismiss is granted. An Order reflecting the above shall issue forthwith.

## ON RECONSIDERATION

Plaintiff, a resident of Florida, brought this wrongful death action on February 12, 1987. Plaintiff's decedent, John Erickson, was asphyxiated on February 12, 1984, in Tampa, Florida, while sleeping in a parked AMC Jeep Wagoneer, which the defendants had designed and manufactured.

■ On July 13, 1987, the Court entered an Order dismissing the action, on the ground that the suit was barred by the two-year Florida statute of limitations for wrongful death actions, F.S.A. § 95.11(4)(d). In its Opinion issued the same day, the Court stated that the Michigan "borrowing statute," M.C.L.A. § 600.5861, mandated the application of the Florida statute of limitations. The Court relied in part, on a recent opinion from the Sixth Circuit, *Vaughn v. J.C. Penney*, 822 F.2d 605 (6th Cir.1987), in which that court interpreted an Ohio borrowing provision.

Currently, plaintiff has filed a Motion for Reconsideration of the Court's July 13, 1987 Order dismissing the action. Under Local Court Rule 17(m)(3), a Motion for Reconsideration will not be granted unless the movant can demonstrate a palpable defect, by which the Court and the parties have been misled, and the correction of which would result in a different disposition of the case.

Plaintiff asserts that the *Vaughn* case "has no relevance whatsoever to the issue in the present case," that the Court's appli-

cation of *Vaughn* to the present case was a palpable error, and that a correction of that error must result in a different disposition of the case.

The controversy in this case involves the interpretation of the Michigan borrowing statute, the pertinent part of which states:

> "An action accruing without this state shall not be commenced after the expiration of the statute of limitations of either this state or the place without this state where the cause of action accrued, except that where the cause of of action accrued in favor of a resident of this state the statute of limitations of this state shall apply." M.C.L.A. § 600.5861.

The Court determined that the instant cause of action accrued in Florida, the place where the accident occurred. Therefore, since plaintiff is not a resident of Michigan, the Court applied the Florida two-year statute of limitations.

Plaintiff contends that the Michigan Supreme Court, in *Sexton v. Ryder Truck Rental*, 413 Mich. 406, 320 N.W.2d 843 (1982) abrogated the doctrine of *lex loci delicti*. Because of this, plaintiff asserts that the state where the cause of action accrued, for the purpose of the borrowing statute, is the state whose substantive law the Michigan courts will apply in this case. Plaintiff argues that it is Michigan's substantive law that must be applied in this case, and therefore the cause of action "accrued" in this state, requiring the application of Michigan's three-year statute of limitations which, if applied, would not bar the instant suit.

No Michigan appeals court has interpreted the Michigan borrowing statute since the *Sexton* decision.[1] Under pre-*Sexton* law, a claim "accrued", for the purposes of the Michigan borrowing statute, when all elements of the claim, including damages, were present. *Parish v. B.F. Goodrich Co.*, 395 Mich. 271, 235 N.W.2d 570 (1975). In *Parish*, the Michigan Supreme Court rejected an "interests analysis" approach (i.e., balancing the different states' relative interests) for determining the place of ac-

1. The Court was unable to find any reported decision on this matter.

crual. *Parish* at 282–83, 235 N.W.2d 570. The Michigan Supreme Court stated:

> We are persuaded that the Legislature did not intend to allow plaintiffs, inhibited by the borrowing statute from shopping for a forum with a favorable limitational period, to accomplish the same purpose by elaborating on a legal theory. . . .

*Parish* at 278, 235 N.W.2d 570.

■ Subsequently, in *Sexton*, the Michigan Supreme Court abandoned *lex loci delicti* as an *absolute* rule, but did not conclusively resolve the choice-of-law question. *Olmstead v. Anderson*, 428 Mich. 1, 23–24, 400 N.W.2d 292 (1987). Because the *Sexton* court did not adopt a particular choice-of-law methodology, choice-of-law conflicts must be decided on a case-by-case basis. *Olmstead* at 24, 400 N.W.2d 292. The question to be resolved in each case is whether the circumstances presented require that foreign law supersede the law of this state. *Id.* Neither *Sexton, Olmstead,* nor subsequent court decisions, however, determined whether the *Sexton* court's rejection of *lex loci delecti* affected the interpretation of the phrase "where the action accrues" as used in the Michigan borrowing statute.

Plaintiff cites several cases in which courts have held that a cause of action arises in the state whose substantive law the courts find to be applicable. (*See*, e.g., *Mitchell v. United Asbestos Corp.*, 100 Ill. App.3d 485, 55 Ill.Dec. 375, 385, 426 N.E.2d 350, 360 (1981) and *Suyemasa v. Myers*, 420 N.E.2d 1334, 1344 (Ind.App.1981); *but*

*see Arneil v. Ramsey*, 550 F.2d 774, 779 (2d Cir.1977) (rejecting a contacts-analysis approach for determining the place of a claim's accrual for the purposes of the New York borrowing statute)). In fact, a split of authority exists regarding the determination of where a cause of action accrues for the purpose of interpreting a borrowing statute. *Stafford v. Int'l Harvester Co.*, 668 F.2d 142, 148 (2d Cir.1981). Some courts apply the traditional tort rule, that an action accrues where the injury occurs, while other jurisdictions apply a "modern" interests-analysis approach, examining which jurisdiction had the most interest in or contacts with, the subject of the claim. *Stafford* at 148 and cases cited therein.

Even so, the Court is not convinced that Michigan courts, when confronted with the issue, would hold that a cause of action in tort arises other than where the injury occurred. Further, given the Michigan Supreme Court's rejection of the "interests-analysis" approach in the context of the borrowing statute in *Parish*, the Court is not convinced that Michigan courts, when confronted with the issue of where a claim accrues, for the purpose of interpreting the borrowing statute, will apply the "interests-analysis approach" under post-*Sexton* law.[2]

However, even if the "interests-analysis approach" were the appropriate method to be employed in determining where the "cause of action accrued" the result would be the same in the present action.

---

**2.** The Court believes that the Michigan legislature, in enacting the borrowing statute, intended the phrase "where the cause of action accrued" to have the meaning it was generally assigned and understood to have; that is (for tort actions such as the present one), the place where the injury occurred. Thus, this Court quoted the following language from a recent Sixth Circuit case, *Vaughn v. J.C. Penney Co., Inc.*, 822 F.2d 605, 610–11 (6th Cir.1987):

> Appellant's reliance on Ohio cases which have rejected a strict adherence to the *lex loci delicti* principle is misplaced. *See*, e.g., *Moats v. Metropolitan Bank*, 40 Ohio St.2d 47, 319 N.E.2d 603 (1974); *Schiltz v. Meyer*, 29 Ohio St.2d 169, 280 N.E.2d 925 (1972); *Fox v. Morrison Motor Freight*, 25 Ohio St.2d 193, 267 N.E.2d 405 (1971). Were there no statutory

guidance for choosing which statute of limitations to apply, we agree that those cases should be considered. However, we are confronted with an express borrowing statute in which the state itself has established a choice of law rule that is binding on the courts. Accordingly, we are not free to adopt our own choice of law principle and reject the choice made by the Ohio legislature.

This Court then stated that it did not feel free to reject the choice of law made by the Michigan legislature, but must adopt the choice of law principle stated in the Michigan borrowing statute, including the generally accepted meaning of the terms used in that statute. Apparently, the plaintiff misunderstood the court's citation to *Vaughn*.

In this case, the Plaintiff is a resident of Florida, appointed as Personal Representative of the decedent by a Florida Probate Court. At the time of his death, the decedent was also a resident of Florida. In addition, the accident occurred in Florida. The vehicle in question was manufactured in Ohio.[3] The only connection with Michigan is that defendant American Motor Corp. has its principal place of business in Southfield, Michigan and that the decedent purchased the Jeep in question in Michigan. Further, the plaintiff originally filed suit in Florida, thus indicating her acceptance of the application of Florida law.

In a case similar to the present one, but involving a California resident, injured in an accident which occurred in California, the Michigan Court of Appeals held that California possessed a superior state interest, which called for the application of California law. *Hampshire v. Ford Motor Company*, 155 Mich.App. 143, 146–47, 399 N.W.2d 36 (1986). The Defendant in *Hampshire* also had its headquarters in Michigan.

█ Applying the *Olmstead* and *Hampshire* decisions to the present case, this Court finds that the circumstances of the case require the application of Florida law. The Plaintiff's and decedent's residency, the location of the accident, and the administration of the decedent's estate in a Florida Probate Court give Florida a superior state interest. Michigan's only interest in the litigation is the "avowed interest in favor or [sic] wrongful death actions resulting in full shifting of losses from those not at fault to those at fault." *Olmstead v. Anderson*, 145 Mich.App. 160, 168, 377 N.W.2d 853 (1985), *aff'd*, 428 Mich. 1, 400 N.W.2d 292 (1987). It is this Court's opinion that Florida's interests predominate.

Therefore, whether the Court defines the state "where the cause of action accrued" as the state where the injury occurred (as urged by the Defendant) or the state whose substantive law the court will apply (as urged by the Plaintiff), the cause of action

accrued in Florida. Thus, the two-year Florida statute of limitations applies and bars the present action.

Consequently, plaintiff has failed to allege a palpable defect by which the Court and the parties have been misled, and the correction of which would result in a different disposition of the case, and plaintiff's Motion for Reconsideration must be denied.

An Order reflecting the above will be issued.

---

**3.** Defendants attach to their Response to Plaintiff's Motion for Reconsideration the Affidavit of James P. Holly, Senior Products Analysts for

defendant American Motors Corp., in which Mr. Holly states that the vehicle was manufactured in Toledo, Ohio.