Simon D. LAWRENCE, Plaintiff–Appellant,

v.

Sonya TROUTT, Jail Administrator; Doug Canter, Captain; Grover Wright, Lieutenant; Philip Woodard, Officer, Defendants–Appellees.

No. 01–5522.

United States Court of Appeals, Sixth Circuit.

April 29, 2002.

Before DAUGHTREY and MOORE, Circuit Judges; ECONOMUS, District

Judge.*

## ORDER

Simon D. Lawrence appeals pro se from a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Lawrence alleged that the defendants had violated his rights while he was incarcerated in a Tennessee jail by: 1) not feeding him with the other inmates; 2) denying him access to medications; and 3) assaulting him. On June 21, 2000, the district court awarded summary judgment to the defendants on Lawrence's first claim and on his third claim insofar as it had been brought against the defendants in their official capacity. A trial was held on his remaining claims, and the jury returned a verdict in favor of the defendants. Thus, the district court entered a final judgment dismissing the case on February 22, 2001. It is from this judgment that Lawrence now appeals.

Lawrence first argues that the district court should have granted his motion for counsel. The court did not abuse its discretion by denying this motion because Lawrence did not have a constitutional right to counsel and because the pretrial proceedings indicated that he was capable of representing himself. *See Lavado v. Keohane,* 992 F.2d 601, 605–06 (6th Cir. 1993).

Lawrence also argues that the court erred by denying his motion for a continuance. However, the court acted within its discretion because it considered the reports of Lawrence's physicians in finding that he was able to proceed with trial. *See Ungar v. Sarafite,* 376 U.S. 575, 589–91, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964).

Lawrence argues that the court improperly excluded evidence which would have shown that one of the defendants had been charged with a domestic violence offense. However, the domestic violence charge had been dismissed and expunged. Hence, the trial court did not abuse its discretion because the disputed evidence was not relevant and would not have caused a different outcome at trial. *See United States v. Walton,* 909 F.2d 915, 925 (6th Cir.1990).

Lawrence next argues that the trial court would not to allow him to refer to a graph of the jail, which would have shown that some of the defendants had failed to prevent his assault. However, the jury rejected Lawrence's primary claim that he had been assaulted. Thus, he was not prejudiced by the exclusion of evidence regarding the defendants' alleged failure to prevent the assault.

Lawrence argues that the trial judge erred by threatening him with dismissal if he continued to present his case in a manner with which the court disapproved. However, the court may impose sanctions if a party persists in inappropriate conduct. *See Illinois v. Allen,* 397 U.S. 337, 343–44, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). Moreover, there is no indication that the trial judge was biased against Lawrence. Instead, the court patiently reviewed his numerous pleadings and allowed his case to go to trial.

Finally, Lawrence argues that the court should have instructed the jury on the meaning of "handcuffed and shackled."

---

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

This argument is unavailing because Lawrence's conclusory assertions do not show that the jury instructions were misleading or gave an inadequate understanding of the law. *See Bowman v. Koch Transfer Co.*, 862 F.2d 1257, 1263 (6th Cir.1988).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.